**Kenneth A. NUNN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62204.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 27, 1982.

Robin Collins, Nacogdoches, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction for possession of marihuana of an amount over four ounces. Punishment was assessed at seven years' confinement. This case was originally affirmed in a per curiam opinion handed down on September 19, 1979, because the record contained neither a statement of facts nor a brief for appellant. On October 15, 1980, appellant was granted an out-of-time appeal and the cause is now before us for review.

Appellant contends the trial court erred in overruling his motion for an instructed verdict of acquittal. Appellant contends there was insufficient evidence on which to sustain a conviction. Our disposition of this

issue makes it unnecessary to discuss appellant's remaining ground of error. We note that the State has failed to file a brief.

On September 23, 1977, Hopkins County law enforcement officers executed a search warrant upon a residence at 125 East Park in Sulphur Springs. When the officers arrived at the house they saw appellant working on an automobile in the front yard. When the officers identified themselves, appellant offered no resistance and was taken inside the house. A second person was discovered in the house. She was identified as Carol Wright, the lessee of the house. A third person, Jimmy Cannon, attempted to flee out the back door of the house but he was quickly apprehended. A search of the house revealed a large quantity of marihuana lying in plain view in the living room. The master bedroom was found to contain both men's and women's clothing, a "roach clip," cigarette papers, personal items and photographs. There was no evidence that any of these items belonged to appellant. Rather, Carol Wright testified that they belonged to her estranged husband, Jim Wright. In the bedroom closet the officers found several cases of canned goods. Appellant was searched, as was the automobile he was found working on, but no marihuana was found.

The State attempted to show that appellant was affirmatively linked to the marihuana. The evidence showed that appellant used 125 East Park Street as his address; however, there was no evidence that he actually lived there. In fact, the defense introduced evidence tending to show appellant did not live there. The State also showed that appellant had worked for the Grocers Supply Company from August 2, 1977, to August 5, 1977, and had access to cases of canned goods; however, Carol Wright testified that appellant's father had brought her the canned goods. Carol Wright testified that on the day of the search appellant had been at her residence for only a short time and had not even been inside the house.

█ Where an accused is charged with unlawful possession of a controlled sub-stance, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Rodriguez v. State,* 635 S.W.2d 552 (Tex.Cr.App.1982); *Bush v. State,* 631 S.W.2d 760 (Tex.Cr.App.1982); *Deshong v. State,* 625 S.W.2d 327 (Tex.Cr. App.1981); *Ayers v. State,* 570 S.W.2d 926 (Tex.Cr.App.1978).

█ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Rodriguez v. State,* supra; *Sinor v. State,* 612 S.W.2d 591 (Tex.Cr.App.1981); *Ayers v. State,* supra. However, when the theory of prosecution is sole or joint possession, the evidence must *affirmatively link* the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband as well as control over it. *Rodriguez v. State,* supra; *Bush v. State,* supra; *Pollan v. State,* 612 S.W.2d 594 (Tex. Cr.App.1981). Mere presence alone at a place where the contraband is being used or possessed does not justify a finding of joint possession. *Norman v. State,* 588 S.W.2d 340 (Tex.Cr.App.1979), cert. denied 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980); *Waldon v. State,* 579 S.W.2d 499 (Tex.Cr. App.1979); *Damron v. State,* 570 S.W.2d 933 (Tex.Cr.App.1978); *Ayers v. State,* supra.

█ We find that the evidence creates no more than a suspicion of the appellant's guilt and is insufficient to sustain the conviction. Thus, the trial judge should have granted appellant's motion for an instructed verdict. See *Damron v. State,* supra; *Ayers v. State,* supra.

For these reasons, the judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).