Kathi Alyce Drew, Asst. Dist. Atty., John Vance, Dist. Atty., Dallas, for appellee.

**Floyd Wayne BATY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00811–CR.**

Court of Appeals of Texas, Dallas.

June 9, 1987.

Rehearing Denied Aug. 10, 1987.

Before DEVANY, BAKER and McCRAW, JJ.

BAKER, Justice.

Appellant, Floyd Wayne Baty, was convicted of intentionally and knowingly possessing more than 28 grams and less than 400 grams of a controlled substance (amphetamines). *See* TEX.REV.CIV.STAT. ANN. art. 4476–15, §§ 4.041(a), 4.02(c)(3) (Vernon Supp.1987). The jury assessed punishment at 40 years' confinement and a $10,000 fine. Appellant asserts thirteen points of error on appeal, the first of which is that the evidence was insufficient to sustain the conviction. We agree and re-

verse the trial court's judgment and render a judgment of acquittal.

█ When a defendant is charged with unlawful possession of a controlled substance, the State must meet at least two evidentiary requirements: The State must prove (1) that the defendant exercised care, control, and management over the contraband, and (2) that the defendant knew that what he possessed was contraband. *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Crim. App.1972). In establishing the mens rea required for the charge of possession, the legislature has provided that a person must knowingly or intentionally possess a controlled substance. TEX.REV.CIV.STAT. ANN. art. 4476–15, § 4.04(a) (Vernon Supp. 1987). The defendant must, at a minimum, be aware that his conduct or the circumstances surrounding his conduct constitute possession of a controlled substance; and it is not enough for the State to show that a defendant was merely present in the vicinity of a controlled substance.[1] There must be independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *Reyes v. State*, 575 S.W.2d 38, 40 (Tex.Crim.App. 1979). The State must provide evidence of the "affirmative link" between a defendant and a controlled substance. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985).

On appeal the sufficiency of evidence is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979) which is: "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App. 1984). This standard applies to cases involving circumstantial evidence as well as those involving direct evidence. *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App. 1983). For cases involving circumstantial evidence, an additional principle of appellate review applies. "A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant." *Autry v. State*, 626 S.W.2d 758, 761 (Tex.Crim.App. 1982); *Schershel v. State*, 575 S.W.2d 548, 550 (Tex.Crim.App.1979). Proof amounting only to a strong suspicion or mere probability is insufficient. *Autry*, 626 S.W.2d at 761, and *Schershel*, 575 S.W.2d at 550. On the other hand, the rules of evidence do not require that the State must, to a moral certainty, actually exclude every hypothesis that the act may have been committed by another person, but only that the hypothesis intended is a reasonable one consistent with the facts proved and the circumstances, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App.1983). If the evidence supports an equally strong inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Freeman v. State*, 654 S.W.2d 450, 456 (Tex.Crim.App. 1983).

The evidence viewed most favorably to the verdict shows the following: Appellant, the sole occupant of a Toyota Celica, was stopped by a police officer at about 1:55 a.m. for the traffic violation of failure to stop while leaving private property and failure to maintain a single lane of traffic. Upon discovery that appellant had neither a driver's license nor proof of insurance, he was arrested for those offenses, as well as the two previously observed offenses. Incident to the arrest, the officer searched the appellant's person and discovered a small, brown vial with a black screw top, a brown bottle, and a clear glass vial. The officer observed the contents of two of the

---

**1.** Mere presence in the vicinity of a controlled substance has never been sufficient to establish joint possession. *Waldon v. State*, 579 S.W.2d 499, 501 (Tex.Crim.App.1979). That principle should be equally as true when there is only one person present in the vicinity of a controlled substance. *Humason v. State*, 728 S.W.2d 363, 367 (Tex.Crim.App.1987).

three containers and testified that they appeared to contain amphetamines, a controlled substance known generically as "speed." The State's evidence at the time of trial confirmed the officer's impression of the contents; the two vials referred to did, in fact, contain amphetamines. The officer conducted an inventory search of the Toyota vehicle and found in the passenger area between the driver and passenger seats a loaded .22 caliber pistol. He utilized a key on the key ring in appellant's possession to gain access to the trunk of the vehicle and found a black box which contained cigarettes, a razor blade, a syringe, and a baggie containing other syringes. Also found in the black box were four plastic containers with aluminum foil around them. At trial, the substances in the four plastic containers were identified as amphetamines, with a weight of 257.7 grams. The black box also contained a small handscale which was identified to be of the type commonly used to weigh small amounts of powdered controlled substances such as amphetamines. Following this inventory search, the Toyota vehicle was removed from the scene to the police automobile pound. The day following appellant's arrest, he went to the pound and reclaimed possession of the Toyota vehicle.

The appellant did not testify at the trial, nor did he present any defensive evidence.

Appellant contends that the evidence is insufficient to affirmatively link him to the amphetamines found in the box in the trunk of the Toyota. He asserts the evidence does not show he owned the car; or what connection, if any, he had with the owner. He further asserts it was not shown that he had been in the trunk or in the box containing the drugs, and it was not shown that the small amount of amphetamines on his person came from the box nor was it shown that he was even aware of the box in the trunk. Appellant concludes that there was no evidence produced by the State of any furtive gestures by him toward the drug, no incriminating statements made at the time of his arrest, no attempt to escape, nor any indication at the time of the arrest that the appellant was under the influence of amphetamines or any other controlled substance.

The State contends, however, that there is nothing in the record to suggest that the appellant was not the owner of the vehicle he was driving at the time of the arrest. The State points out that the appellant was the sole occupant and driver of the car, and it was the appellant who subsequently reclaimed the vehicle from the police automobile pound. The State points out that the appellant had amphetamine substances on his person, and this was the same type of controlled substance found in the trunk of the car. Additionally, a pistol was found in the car. The State, therefore, concludes that these facts, coupled with all of the circumstances surrounding the appellant's arrest, clearly present sufficient evidence to connect the appellant with the contraband found in the trunk.

Although a trier of the fact could conclude from the combination of the circumstances that the appellant *knowingly* exercised actual care, custody, control, or management over the amphetamines in the trunk of the car, it would be just as rational for that same trier of fact to conclude that appellant was *entirely unaware* of the presence of the amphetamines. Without some evidence excluding the equally reasonable hypothesis that appellant was unaware of the presence of the amphetamine, the trier of fact could not conclude beyond a reasonable doubt that appellant *knowingly* possessed the amphetamine. *Humason*, at 366, *supra.*

The fact that appellant was the sole occupant of the vehicle only excludes the hypothesis that appellant was unaware of the contents of the trunk of the vehicle if the trier of fact also had proof that appellant recently had sole access to the vehicle. The evidence does reflect that appellant was the individual who reclaimed the vehicle from the police automobile pound. However, there is no direct showing that the vehicle involved was owned by appellant, nor was there any attempt to connect him with the true owner. *Reyes v. State,* 575 S.W.2d at 40.

The fact that there was a concealed weapon in the passenger compartment of the vehicle, coupled with the fact that the amphetamines were in the trunk of the vehicle only excludes the hypothesis that appellant was unaware of the gun or the amphetamines if the trier of fact also had proof that appellant had some connection, other than physical proximity, to the gun or the contents of the trunk. Otherwise, a trier of fact could just as rationally conclude that the appellant was unaware of either the gun or the amphetamines since neither were in plain view. *Cf. Hernandez v. State,* 538 S.W.2d 127, 131 (Tex.Crim. App.1976).

This leaves the fact of the appellant's possession of a small amount of amphetamine on his person at the time of the arrest. The State introduced evidence of the purity level of the amphetamines found in the vials on the possession of the appellant, and also of the amphetamines found in the trunk of the vehicle. The analysis of the amphetamines found in the vials on the appellant's person revealed that the purity level of those two samples were not exactly the same as any of the purity levels of the amphetamines found in the trunk of the vehicle. The fact that the appellant was found with amphetamines on his person and that amphetamines were found in the trunk of the car, only excludes the hypothesis that appellant was unaware of the amphetamines if the trier of the fact also had proof that the amphetamines in the possession of the appellant had some direct connection, other than physical proximity, to the amphetamines in the trunk. The fact that he had possession of a similar controlled substance on his person does not exclude the hypothesis that he was unaware of the controlled substance in the trunk of the vehicle. Otherwise, a trier of fact could just as rationally conclude that the appellant was unaware of the amphetamines in the trunk. *Humason,* at 367, *supra.*

There is no evidence that appellant was under the influence of amphetamines or other drugs at the time of the arrest; there is no evidence that he made any furtive gestures toward the contraband in the trunk, nor did he make any incriminating statements at the time of his arrest, nor did he attempt to escape. *Reyes,* 575 S.W.2d at 40.

The State relies on *Nickerson v. State,* 645 S.W.2d 888 (Tex.App.—Dallas), *aff'd,* 660 S.W.2d 825 (Tex.Crim.App.1983) and *Hudson v. State,* 643 S.W.2d 162 (Tex.App. —Austin 1982, pet. ref'd). In *Nickerson* the evidence reflected that the appellant therein was in exclusive control of the vehicle, and made furtive gestures toward the contraband which was in plain view on the floorboard of the vehicle. These facts distinguish *Nickerson* from the instant case. In *Hudson* the evidence revealed that the controlled substances were found in a refrigerator and in a shaving kit on the premises of the apartment where Hudson lived. The shaving kit that held some of the controlled substances also contained items of a personal nature which Hudson claimed as his own. Documents found at the apartment as well as testimony of other witnesses indicated that Hudson was the sole occupant of the residence and exercised possession and control of the premises. *Hudson* is likewise distinguishable from the facts of the instant case.

In this case, the evidence of affirmative links between appellant and the controlled substance in the trunk of the vehicle, whether considered individually or in combination, failed to eliminate the reasonable hypothesis that appellant was entirely unaware of the presence of the amphetamines in the trunk of the vehicle. Therefore, we find that no rational trier of fact could have found the appellant guilty beyond a reasonable doubt of knowingly possessing a controlled substance; and we, therefore hold, under the facts of this case, that any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. *Humason v. State,* at 367; *Morr v. State,* 587 S.W.2d 711 (Tex. Crim.App.1979); and *Waldon v. State,* 579 S.W.2d 499 (Tex.Crim.App.1979).

By virtue of our disposition of this point of error, we find it unnecessary to discuss appellant's other points of error. Having found that reversal must result in this

**66**

case, we further conclude that no prosecution be had in this cause. The double jeopardy clause of the United States Constitution precludes a second trial once the reviewing court has found the evidence legally insufficient. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed and a judgment of acquittal is rendered. TEX.R. APP.P. 81(c) (Vernon Supp.1987).