**Ruben S. VILLALON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–86–508–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 24, 1987.

Rehearing Denied Oct. 22, 1987.

Aaron L. Pena, Pena, McDonald, Prestia & Ibanez, Edinburg, for appellant.

Rene Guerra, Theodore C. Hake, Edinburg, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

OPINION

SEERDEN, Justice.

This is an appeal from a conviction for aggravated sexual assault. The trial court sentenced appellant to eighteen years confinement in the Texas Department of Corrections.

By his second point of error, appellant challenges the legal sufficiency of the evidence to support his conviction. We reverse.

The grand jury indicted appellant under Tex. Penal Code Ann. § 21.09 entitled "Rape of a Child," which was repealed by Acts 1983, 68th Leg., p. 5321, Ch. 977 § 12, effective September 1, 1983. That section made it an offense for one to have sexual intercourse with a female not his wife if the child was younger than 17 years of age. The original indictment stated that:

on or about the 15th day of August A.D. 1983, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there intentionally and knowingly have sexual intercourse with M____ D____, a female younger than 17 years of age and not the wife of the defendant, and the said M____ D____ was then and there younger than 14 years of age;

Before trial, the State moved to amend the indictment. Appellant did not object to the amendment, but informed the Court that he knew of no law that "permits it or does not permit it." Appellant's attorney informed the Court that he was not sure the amendment was proper and said "we're just pleading not guilty."

The amended indictment charged as follows:

on or about the 15th day of November, 1984, and before the presentment of this indictment, in Hidalgo County, Texas, did knowingly cause his penis to penetrate the vagina of M____ D____, a child younger than 17 years of age and not the spouse of the defendant, and the said M____ D____ was then and there younger than 14 years of age;

The amendment charged an offense under Tex. Penal Code Ann. §§ 22.011, 22.-021(a)(5) (Vernon Supp.1986–87), Aggravated Sexual Assault. Sexual intercourse, under Tex. Penal Code Ann. § 21.01 (Vernon 1974), means any penetration of the female sex organ by the male sex organ. In 1985, § 22.011 was again changed to substitute the words "female sexual organ" for "vagina."

With this procedural background in mind, we will review the evidence. In both direct and circumstantial evidence cases, we review the evidence in a light most favorable to the verdict. The standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984).

The evidence presented at trial consisted of testimony from a school nurse, the victim, the victim's mother, and a medical doctor. The appellant neither testified nor presented any evidence.

The nurse testified that after presenting a movie to a school class concerning good and bad "touches," the child victim approached her and told her appellant had "raped" the child about one year earlier. The movie showing was in November, 1985. In addition, the nurse testified the child stated that appellant hurt her badly by putting "his thing inside [her] between [her] legs." The child told the nurse that his thing was the thing a man uses to "pee" with. The nurse also testified the child said there was some blood on her underwear at the time and that she believed that she was the first person the child told of the incident.

The child's testimony was not consistent with that of the nurse in some respects. She stated that the event occurred "two years from now," which would have set the event in August, 1984. Her birth date is November 3rd and she was ten years old in 1985. The event complained of was described as a "bad thing" and happened before her ninth birthday. In her testimony, she never used the term "rape," instead, she stated that he got on top of her and started doing "this." While dolls were used during the trial, the record offers no indication of what "this" is. She did state that she didn't have a name for "the stuff he was doing." She said he was on top of her doing bad things "with the one he pees" and that he was trying to "put it where I pee." When asked by the prosecuting attorney if he "put it where [she does] number one," she responded affirma-

tively. She never testified to language which would establish penetration of the vagina. Her testimony concerning bleeding was that "three days it started bleeding from where I do number one." She told her mother that she was bleeding because she had eaten a lot of lemons. The child was not cross-examined.

The mother of the child was called as a witness. She said that she never talked with any of her children about sex because it embarrassed her. Her child told her one time that she had blood on her panties because she had eaten lemons. She thought perhaps the child was going to start her menstrual period. On cross examination, she testified she saw the blood. The mother testified she thought the child was around seven years old, and she believed the incident occurred during the summer. On cross-examination, the mother said that the child acted nervous when she told her about eating lemons.

Dr. Bertha Medina performed a physical examination of the child after the incident had been reported. The examination was normal. There was no discharge, no lesions, no scarring, no obvious tears, no swelling, and the entrance of the vagina was normal. The only abnormality noted by Dr. Medina was the fact that the child was very frightened of the genital examination. She felt it was unusual for a child that age to be frightened because generally children are not aware that such an examination will be painful.

▋ Appellant claims that the evidence is insufficient to prove penetration. Under the indictment, as amended, it was essential for the prosecution to prove that appellant knowingly and intentionally caused his penis to penetrate the child's vagina. The testimony of a victim is sufficient evidence of penetration, despite lack of corroborating physical evidence. *Garcia v. State,* 563 S.W.2d 925 (Tex.Crim.App. 1978). However, if there is no evidence of penetration, the State has failed in its burden of proof. *Vasquez v. State,* 167 S.W. 2d 1030 (Tex.Crim.App.1942). Proof of slight penetration is sufficient. However,

this element must be proven beyond a reasonable doubt.

In considering the sufficiency of the evidence to prove penetration in this case, we are first met with the change in the law effective September 1, 1983, and the allegations in the indictment in this case. The amended indictment requires proof that appellant's penis penetrated the victim's vagina. This is in accordance with the law as it existed in November, 1983, which is more restrictive than the law as it existed in August, 1983. All of the cases dealing with the degree of penetration required which are cited by the parties as well as additional cases reviewed by us discuss penetration under Tex. Penal Code Ann. § 21.01 (Vernon 1974), which defined sexual intercourse as penetration of the female sex organ. The amendment in 1983, as pointed out above, requires penetration of the vagina.

▋ Excluding, for the moment, the testimony of the school nurse, we find no evidence of penetration of either the female sexual organ or the vagina in the testimony of the physician, the mother, or the victim. While the victim's testimony is sufficient to show the use of his penis in the area of the victim's vagina or sexual organ, her affirmative reply that "he put it where [she does] number one" does not establish penetration. The cases cited by appellee for the proposition that the victim's testimony establishes penetration are distinguishable from this case. For example, in *Garcia v. State,* 563 S.W.2d 925 (Tex.Crim.App.1978); *Villanueva v. State,* 703 S.W.2d 244 (Tex. App.—Corpus Christi 1985, no pet.); *Martinez v. State,* 662 S.W.2d 393 (Tex.App.— Corpus Christi 1983, pet. ref'd); *Gonzalez v. State,* 647 S.W.2d 369 (Tex.App.—Corpus Christi 1983, pet. ref'd), the victims all testified that the accused put his penis or organ "into" or "in" her, or words of similar import.

On the other hand, there is no question that the school nurse's testimony of what the victim told her establishes penetration, at least of "the female sexual organ." This hearsay testimony was admitted into evidence under Tex. Code Crim.Proc.Ann.

art. 38.072 (Vernon Supp.1987), which provides that in specified criminal cases (which include offenses such as the one we are considering) where the offense is committed against a child 12 years of age or younger:

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement, and

(3) The child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

The State followed the procedure set out above, except that the trial court did not make specific findings that the nurse's statement was reliable based on time, content and circumstances of the statement. While we believe it is necessary that these findings be made, we will disregard the failure to make findings to consider the more important issue of whether such hearsay statements may be considered by the trier of facts for all or only limited purposes.

At trial, appellant's counsel contended that the hearsay statements related by the nurse could only be considered for the limited purpose of supporting the credibility of the child, while the State contended article 38.072 makes the statement admissible for all purposes.

A review of the rule reveals no mention of the purpose for which the hearsay statements may be considered. We are not aware of any case which has considered this question.

In *Vasquez v. State*, 145 Tex.Cr.R. 376, 167 S.W.2d 1030 (1942), the child victim did not testify, although she was available and capable of doing so. The only reason given for her failure to testify was that she was nervous and excited. The victim's grandmother, who saw her immediately after the incident, testified to what the victim told her immediately afterward. The testimony was admitted into evidence, and was sufficient, when considered with other evidence, to justify a conviction of rape. The court applied the rule that:

Where evidence is available to the State which would give direct and positive statements on the subject of penetration but the State has failed to use it, its failure is a strong circumstance against the prosecution and, it appears, should be considered a barrier which the State must surmount with more than ordinary diligence.

*Id.* at 1032.

*Vasquez* was cited with approval in *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App. 1987), where Tex. Code Crim.Proc.Ann. art. 38.071, § 2 (the Texas statute authorizing the admission into evidence of pre-trial video-taped interviews with child victims 12 years of age or younger) was held unconstitutional as violating a defendant's right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and Art. 1, Sec. 10 of the Texas Constitution as well as being violative of the due process clause of the Fourteenth Amendment to the United States Constitution and Art. 1, Sec. 19 of the Texas Constitution. In *Long*, Justice Duncan, writing for the majority of the court, makes an extensive and scholarly discussion of the historical and modern development of the right of a party to be confronted by one's accusers, the right to cross-examine one's accuser and other witnesses and the relation of these rights to our fundamental concepts of a fair trial and due process of law.

In addition, *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) holds that a non-testifying co-defendant's confession cannot be considered as substantive

evidence of a defendant's guilt because to do so would violate both the United States Constitutional requirements of due process and the right of confrontation.

 While the constitutionality of Tex. Code Crim.Proc.Ann. art. 38.072 (Vernon Supp.1987), is not an issue in this case, the rationale of *Long* and *Lee*, leads us to conclude that it would be an over broad interpretation of the statute to hold that the hearsay statement given to another one year or more after the event in question is sufficient to convict, where the victim herself testified articulately and did not corroborate but, in fact, contradicted the crucial hearsay statement concerning penetration.

This case is distinguishable from *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim. App.1986), which held that inadmissible hearsay, admitted without objection, is capable of sustaining a verdict. Chambers was a credit card abuse case where inadmissible hearsay was admitted without objection. All the other circumstances were consistent with guilt and there was no contradiction, either express or implied, in the truth or accuracy of the hearsay.

In our case, the hearsay was contradicted by the victim and was not corroborated by any of the other evidence.

In the absence of extenuating facts, which are not present in this case, it would be irrational to hold that unsworn hearsay evidence has the same, or more, probative value than the sworn testimony of the party who made the hearsay statement and had actual knowledge of the facts.

We recognize that cases involving abuse of small children often create special problems of proof and each case must be decided and generally restricted to its own particular facts. In this case, we hold that the nurse's testimony of hearsay statements of the victim is not sufficient, as a matter of law, to establish penetration when the victim's testimony about the same fact is insufficient to establish it. Appellant's second point of error is sustained.

Since our decision on the second point of error controls the disposition of this case, we decline to rule on appellant's other points.

The judgment of the trial court is REVERSED and REMANDED to the trial court for entry of an ACQUITTAL.