Emilio Patrick FERNANDEZ,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01-87-01105-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 28, 1988.

John F. Carrigan, Houston, for appellant.

John B. Holmer, Harris County Dist. Atty., Cathy Herasimchuk, Asst. Dist. Atty., Harris County, for appellee.

Before JACK SMITH, COHEN and BISSETT, JJ.

## OPINION

BISSETT, Justice (Assigned).

The trial court found appellant guilty of theft by receiving, found the enhancement allegations to be true, and assessed punishment at 35 years imprisonment.

In his first point of error, appellant challenges the sufficiency of the evidence to sustain his conviction. The only evidence implicating the appellant is the hearsay testimony of Houston Police Officer J.C. Jaloma and complainant Kevin Domain. Officer Jaloma testified that on November 25, 1986, Margie Fernandez, wife of appellant and a previous acquaintance of Jaloma's, came to his home and told him that appellant was disassembling a stolen car in their garage. She told officer Jaloma that appellant worked on the stolen vehicle every evening after work. She said that she was tired of living a criminal life, and that she wanted appellant to be punished. She led Jaloma to her home, signed a consent to search form, and opened the garage door. Jaloma found a disassembled vehicle inside the garage. He called in the VIN number and determined that the vehicle was, in fact, stolen. Officer Jaloma then proceeded to search the garage and house. The stolen vehicle was dusted for latent fingerprints, but none were found. No evidence was recovered from inside the house. Officer Jaloma testified that while inside the house, he found no evidence that a man lived in the house. Complainant Domain's testimony was consistent with that of Officer Jaloma. He testified that he arrived at Ms. Fernandez's home after being contacted by Officer Jaloma and informed that his vehicle had been recovered. Domain testified that Ms. Fernandez told him that appellant had been working on the stolen vehicle.

At trial, Jaloma testified without objection about the conversation that he had with Ms. Fernandez, and about his subsequent discovery of the stolen vehicle. Ms. Fernandez then testified, recanting her former statements to Jaloma, and claiming that she had lied to Jaloma because she was angry with appellant for seeing another woman. She stated that she had sought to punish him by linking him with the stolen vehicle. She testified that on a prior occasion, she had also filed false charges against appellant after an argument, in an act of revenge. Evidence of the previously filed charges was introduced. Ms. Fernandez testified that a man named Louis had been living in her home as a boarder, and in her opinion, Louis was the person responsible for placing the stolen vehicle in the garage.

■ All of the evidence against appellant is circumstantial. The standard of review in such a case is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (op. on reh'g). A conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W. 2d 190, 195 (Tex.Crim.App.1984).

The only evidence in this case linking appellant with the stolen vehicle is the hearsay evidence of the conversations between Margie Fernandez, Officer Jaloma, and Domain, as introduced in Jaloma's and Domain's testimony. At trial, no objection was made to the introduction of this hearsay testimony. Without this evidence, there would be no evidence to sustain appellant's conviction.

■ Hearsay admitted without objection has probative value and may be the basis for sustaining a verdict. *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986). The facts of *Chambers* are, however, distinguishable from those of the instant case. In *Chambers*, all other evidence was consistent with guilt, and there was no contradiction of the truth or accuracy of the hearsay. In the instant case, the hearsay evidence was contradicted by the declarant's sworn testimony at trial, and it was not corroborated by any other evidence.

■ The pivotal issue in determining whether the evidence was sufficient to support a conviction in the instant case is

whether a prior inconsistent hearsay statement that has been repudiated in court, is sufficient evidence to sustain a conviction when the statement is the only substantive evidence of guilt. The Supreme Court of Florida considered this issue in *Florida v. Moore*, 485 So.2d 1279 (Fla.1986), and answered in the negative. The Florida court held that in a criminal prosecution, such statements, although admissible and probative, were insufficient, standing alone, to prove guilt beyond a reasonable doubt. *Florida v. Moore*, 485 So.2d at 1281. The court cited with approval *United States v. Orrico*, 599 F.2d 113 (6th Cir.1979), which held that prior inconsistent statements standing alone do not constitute sufficient evidence to sustain a conviction. The evidence held insufficient in *Moore* was arguably more probative than that in the present case because the two recanting probative than that in the present case because the two recanting witnesses testified under oath before a grand jury and thus were subject to prosecution for perjury.

A recent Texas case has followed this line of reasoning. In *Villalon v. State*, 739 S.W.2d 450 (Tex.App.—Corpus Christi, 1987, pet. pending), the court reviewed the sufficiency of the evidence to support a conviction where the only evidence in support of the conviction was unsworn hearsay, which was later contradicted by the declarant under oath. The court wrote that "it would be irrational to hold that unsworn hearsay evidence has the same or more probative value than the sworn testimony of the party who made the hearsay statement and had actual knowledge of the facts." *Villalon v. State*, 739 S.W.2d at 454.

As a matter of law, unsworn, out-of-court hearsay alone cannot support a finding of guilt beyond a reasonable doubt when unequivocally recanted in court by the declarant. The evidence in this case is insufficient to sustain appellant's conviction.

Appellant's first point of error is sustained.

Because our decision on the first point of error controls the disposition of the case, it is unnecessary to rule on appellant's other points.

The judgment of the trial court is reversed, and an acquittal is hereby ordered. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).