**Douglas Richard FORREST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00356–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 1989.

Rehearing Denied April 27, 1989.

V. Dale Jefferson, Leger & Coplen, W. Troy McKinney, of Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Winston E. Cochran, Jr., Vilma Luna, Houston, for appellee.

Before SAM BASS, COHEN and MIRABAL, JJ.

COHEN, Justice.

This is an appeal from a revocation of probation. Appellant was convicted of aggravated assault and given a five-year probated term and a $500 fine. Eight months later, the State moved to revoke probation, alleging that appellant assaulted his wife by striking her with an ashtray. The trial judge revoked probation and assessed punishment of imprisonment for four years.

Appellant contends the evidence was insufficient to revoke his probation because Mary Grace Forrest, his wife, testified unequivocally under oath that he did not assault her.

The only evidence that appellant assaulted his wife as alleged was unobjected to testimony by Officer E. Fickessen, who did not witness the events. Officer Fickessen testified that he arrived as Mary Grace Forrest was being treated by an ambulance attendant. He saw a lump on her head with a laceration on top of it. Fickessen said she "stated that her and her husband had been involved in a fight and that they [sic] had hit her with an ashtray." The trial judge then asked, "She told you that he hit her with an ashtray, didn't she?" Officer Fickessen replied, "Yes, sir."

Mary Grace Forrest testified on direct that she was intoxicated and could not remember what occurred. She thought appellant "probably threw the ashtray," but did not believe it hit her. She thought she hit her head on the refrigerator. She remembered telling the officer that appellant hit her with the ashtray, but maintained on cross-examination that "I was hostile and blaming him for the whole thing. But it was—I was drunk, also. It was a mutual argument." When asked by defense counsel to give a definite answer whether appellant hit her, she said, "No. I hit my head on the refrigerator." The following transpired:

THE COURT: You better tell the truth, little lady, your [sic] going to be in more trouble.

THE WITNESS: I'm trying to tell the truth.

THE COURT: I don't want to hear anything from you. You're not trying to tell the truth. I know you are lying and everybody else in here knows your lying but go ahead.

Mary Grace Forrest persisted, stating that appellant did not intentionally strike her.

Appellant testified that his wife "slipped and hit her head." On cross-examination, he said that he was intoxicated and not sure about what happened, "but [he] believed she slipped and hit the ice box."

Appellant relies on cases holding that when out-of-court, unsworn hearsay is the only evidence of guilt and the declarant totally repudiates it in court, such hearsay evidence is insufficient to support a verdict of guilt beyond a reasonable doubt. *See Chambers v. State,* 755 S.W.2d 907 (Tex.

App.—Houston [1st Dist.] 1988, pet. pending); *Fernandez v. State*, 755 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1988, pet. pending); *Villalon v. State*, 739 S.W.2d 450 (Tex.App.—Corpus Christi 1987, pet. granted); *see also Machado v. State*, 753 S.W.2d 252 (Tex.App.—Houston [1st Dist.] 1988, pet. pending). These cases were not probation revocations. In each, the State had to prove guilt "beyond a reasonable doubt" in order to sustain the conviction. Tex.Penal Code Ann. sec. 2.01 (Vernon 1974). The hearsay here occurred in a probation revocation hearing, where the burden of proof is by a preponderance of the evidence. "The greater weight of credible evidence before the court must create a reasonable belief that a condition of probation has been violated as alleged." *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim.App.1987).

■ Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). When the State fails to meet its burden of proof, the trial court abuses its discretion in revoking probation. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App.1980). The trial court is the sole trier of fact and the sole judge of the credibility of the witnesses and the weight to be given to any particular testimony. Id.

The issue here is not whether hearsay has probative value. It does. Tex.R.Crim. Evid. 802. Even before the rules of evidence, hearsay admitted without objection at a probation revocation hearing had probative value and could support revocation of probation. *Frazier v. State*, 600 S.W.2d 271, 273–74 (Tex.Crim.App.1980) (op. on reh'g).

■ The issue is whether hearsay totally recanted by the declarant's sworn testimony can, standing alone without other evidence of guilt, constitute "the greater weight of credible evidence."

This is not a case like *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986), where all the non-hearsay evidence was consistent with guilt, and there was no contradiction, express or implied, in the truth or accuracy of the hearsay. *See Villalon v. State*, 739 S.W.2d at 454. Here, we have not a mere contradiction or inconsistency, but a total repudiation of the hearsay. In this Court's *Chambers* opinion, 755 S.W.2d at 911, we wrote:

> Only by disregarding all sworn testimony from all eyewitnesses could the jury have found beyond a reasonable doubt that appellant exposed his genitals to the complainant on March 9, 1986, as alleged. Only by relying wholly on repudiated prior inconsistent statements could the allegations have been proved. To find this evidence sufficient would make the trial a mere formality, the only evidence of guilt having been produced before indictment, ex parte, out of court, without oath, without confrontation, without notice, and then repudiated.

In *Villalon*, the court wrote:

> [I]t would be irrational to hold that unsworn hearsay evidence has the same, or more, probative value than the sworn testimony of the party who made the hearsay statement and had actual knowledge of the facts.

739 S.W.2d at 454.

Reviewing similar facts, the Supreme Court of Iowa wrote:

> The rule that it is for the jury to reconcile the conflicting statements of a witness does not apply where the only evidence in support of the controlling fact is that of a witness who so contradicts himself as to render the finding of facts thereon a mere guess.

*State v. Frank*, 298 N.W.2d 324, 329 (Iowa 1980).

The Supreme Court of Florida, answering a certified question,[1] concluded:

> We agree that the risk of convicting an innocent accused is simply too great

1. The question was: "Is a prior inconsistent statement sufficient evidence to sustain a conviction when a prior consistent statement is the only substantive evidence of guilt?" The recanted testimony in *Moore* was given under oath by two witnesses before a grand jury.

when a conviction is based entirely on prior inconsistent statements.

*State v. Moore,* 485 So.2d 1279, 1281 (Fla. 1986). *Accord United States v. Orrico,* 599 F.2d 113, 119 (6th Cir.1979).

The Supreme Court of Louisiana wrote: We thus hold that unobjected to hearsay which is the exclusive evidence of a defendant's guilt of the crime or an essential element thereof, and where contradicted at trial by the sworn recantation of the out-of-court declarant, is no evidence at all.

*State v. Allien,* 366 So.2d 1308, 1312 (La. 1978).

We adhere to the holdings in *Chambers, Fernandez, Villalon, Machado, Frank, Moore,* and *Orrico,* and find their reasoning applicable to this revocation of probation. We hold that out-of-court, unsworn, unsupported hearsay repudiated in court by the declarant cannot, standing alone, prove guilt by a preponderance of the evidence.

The order and judgment revoking probation are reversed, and the cause is remanded to the district court.