**Sally Ann DOYLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Tony Lynn DOYLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–88–00620–CR, 01–88–00622–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 12, 1989.

---

Mike DeGeurin and Paul Nugent, Foreman, Degurin & Nugent, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy G. Taft and Karen Morris, Asst. Dist. Attys., Houston, for appellee.

Before MIRABAL, SAM BASS and COHEN, JJ.

## OPINION

MIRABAL, Justice.

The trial court found appellants guilty of possession of marihuana, in a quantity of more than 4 ounces and less than 5 pounds, and assessed Sally Doyle's punishment at six years confinement, probated, and a fine of $500, and Tony Doyle's punishment at four years confinement. Both parties appeal. For clarity, each appellant will sometimes be referred to by first name.

Each appellant asserts, in two points of error, that (1) the trial court erred in denying the motion to suppress the fruits of a warrantless search and seizure, and (2) the evidence is insufficient to establish the possession of marihuana as charged.

The trial court conducted an evidentiary hearing on the respective motions to suppress. At the close of the evidence, the trial court denied the motions. Immediately following the hearing, appellants each pled not guilty, waived a jury, and stipulated to the evidence that was introduced at the suppression hearing plus one additional exhibit, reserving their right to appeal. The trial court found appellants guilty and sentenced them in accordance with plea bargains as to punishment only.

The evidence introduced at the suppression hearing, all of which was stipulated to for purposes of the guilt/innocence bench trial, was the following, unobjected-to testimony of Houston Police Officer R.D. Massey, which covers a total of 21 pages in the statement of facts.

At approximately 3:45 p.m. on July 8, 1987, Officer Massey received a telephone call from an anonymous informant. Officer Massey testified:

Q. (By Prosecutor) What was the telephone call about?

A. Informant called the narcotic division, I spoke with the person, and informant advised me that a person named Sally Doyle and a man named Tony Doyle were at the Ellis Radiator Shop at 1000 block of Charles and that he had seen them in possession of a pound of marijuana and that they had that marijuana in the trunk of their car, and he also gave me a description of the vehicle they were driving. It's a yellow Nissan and gave me the license plate of the car.

Q. Did he give you any other information?

A. He advised me that the people would not be at that location long. They would be leaving shortly.

Q. Did he give you an idea of what shortly meant in terms of time?

A. Within an hour.

Q. And did he give you his name?

A. He give me a first name only.

\* \* \* \* \* \*

Q. (By Prosecutor) Did that person that called you, besides expressing the concern that the people were going to be leaving the radiator shop shortly, give you any other indication of when they would be leaving or where they might be going?

A. Yes, ma'am. Informant advised they were leaving with the marijuana to go some place to sell the marijuana.

Officer Massey did not obtain an arrest warrant or a search warrant. He arrived at the Ellis Radiator Company in an unmarked police car and saw a yellow Nissan car, with license plate numbers that matched the ones the informant described, parked out front. He conducted surveillance of the Nissan car until 5:00 p.m., when a man and a woman left the premises in the car. The woman drove, and the man sat in the front passenger's seat. Officer Massey followed the car for 15 minutes, over a distance of three miles, after which he and a uniformed patrol unit stopped the car. The uniformed officer spoke with the woman driver, who was Sally Doyle, and asked her to step out of the car. Officer Massey testified:

Q. (By Prosecutor): When you stopped the defendants, how were each of them acting, let's take Sally Doyle. When you asked her to step out of the car and questioned her, do you remember noticing anything about her behavior?

A. She was very nervous.

Q. Could you describe what you mean by that?

A. Well, she was stuttering a little bit, just seemed very nervous at the time.

Q. Did that indicate anything to you?

A. It appeared to me she had something to hide.

Officer Massey then informed Sally Doyle that the Houston Police Department had information that she had marihuana in the car. She responded that she had some marihuana roaches in a bag on the front floorboard of her car.

Officer Massey then asked Tony Doyle to step outside from the passenger's side of the car, after which Officer Massey removed the bag of used marihuana cigarettes from under the passenger seat. At that time, he arrested appellants. Officer Massey asked Sally Doyle whether there was any other marihuana in the car, to which she made no reply. Officer Massey then removed the car keys from the ignition and opened the trunk of the car. He found approximately one pound of marihuana in a bag wrapped in a brown blanket. Appellants do not dispute that the substance found in the trunk was marihuana.

Appellants each contend in their first point of error that the trial court erred in denying appellants' motion to suppress the fruits of the warrantless search and seizure. Appellants argue that Officer Massey had ample time to secure search and arrest warrants, so he was not justified in making the warrantless search and arrests. Appellants further argue that an anonymous phone call does not justify a warrantless search and arrest.

The anonymous phone call in the present case did not, alone, provide probable cause for the issuance of an arrest warrant or a search warrant. However, an anonymous phone call will provide sufficient justification for police officers to initiate an investigation. *Clemons v. State,* 605 S.W.2d 567, 570 (Tex.Crim.App.1980). Circumstances short of probable cause for an arrest may justify temporary detention for the purpose of investigation, since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *Livingston v. State,* 739 S.W.2d 311, 326 (Tex. Crim.App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Leighton v. State,* 544 S.W.2d 394, 397 (Tex.Crim.App.1976). In *Adams v. Williams,* 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1922–23, 32 L.Ed.2d 612 (1972), the Supreme Court reasoned:

The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. *See Terry v. Ohio,* 392 U.S. 1, 23 [88 S.Ct. 1868, 1881, 20 L.Ed.2d 889] (1968). A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reason-

able in light of the facts known to the officer at the time.

■ An officer is permitted to make a temporary investigative detention of a defendant if the officer has a reasonable suspicion that some activity out of the ordinary is about to, or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the activity is related to a crime. *Stone v. State*, 703 S.W.2d 652, 654 (Tex.Crim.App. 1986). In *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983), the Court of Criminal Appeals held that, in order to justify such an intrusion, a police officer "must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation." An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Lopez v. State*, 663 S.W.2d 587, 589 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd).

■ In this case, the officer did possess specific facts to justify a temporary detention of appellants. He had information from an informant that a drug transaction was about to take place, and he had corroborated, by personal observation, the following information received from the informant: the location described by the informant was indeed the address of Ellis Radiator Shop; a yellow Nissan was parked outside the radiator shop; the license number of the car matched the license number given by the informant; a male and a female came out of the shop and left in the car a little more than an hour after the call from the informant.

At that point, the only facts that had not been verified were the identities of the man and woman as Tony and Sally Doyle, and the presence of marihuana in the trunk of the car they were driving. We hold that the officers were justified in stopping the car for further investigation.

■ Sally Doyle's subsequent admission that she had some marihuana roaches in a bag on the front floorboard of the car provided probable cause that an offense was being committed in the officer's presence, which justified the seizure of the marihuana indicated, and the arrest of Sally and Tony Doyle. *See Lunde v. State*, 736 S.W.2d 665, 666–68 (Tex.Crim.App. 1987); *Delgado v. State*, 718 S.W.2d 718, 720–21 (Tex.Crim.App.1986).

In light of the marihuana found in the car, coupled with the informant's tip that marihuana would be found in the trunk, we hold that the officers had probable cause to believe there would be more marihuana in the trunk, and therefore were authorized to conduct a warrantless search of the trunk. *United States v. Ross*, 456 U.S. 798, 809, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982); *Osban v. State*, 726 S.W.2d 107, 109 (Tex. Crim.App.1986); *Delgado v. State*, 718 S.W.2d at 723–24.

Appellants' first point of error is overruled.

In their second point of error, appellants contend that the evidence is insufficient to establish that appellants possessed the pound of marihuana. Appellants argue that all the State has proved is that appellants occupied a car that had a pound of marihuana in the trunk. In reply to this point, the State contends that the statements of the anonymous informant are evidence that appellants possessed the marihuana in the trunk.

■ Where an accused is charged with unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Nunn v. State*, 640 S.W.2d 304, 305 (Tex.Crim.App. 1982). Possession of the contraband need not be exclusive, and evidence that shows the accused jointly possessed the contraband with another is sufficient. *Martin*, 753 S.W.2d at 387; *Rodriguez v. State*, 635 S.W.2d 552, 553 (Tex.Crim.App.1982).

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in

the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied,* — U.S. —, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Sutherlin v. State,* 682 S.W.2d 546, 548–549 (Tex.Crim. App.1984). Where circumstantial evidence is involved, the circumstances must exclude every other reasonable hypothesis except that of the guilt of the defendant. *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim. App.1982). Proof that amounts only to a strong suspicion or mere probability is insufficient to support a conviction. *Id.*

■ When the accused is not in exclusive possession of the place where the controlled substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless additional independent facts and circumstances affirmatively link the accused to the contraband. *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App.1981); *Hughes v. State,* 612 S.W.2d 581, 582 (Tex. Crim.App.1981). Affirmative links may be established by facts and circumstances that indicate the accused's knowledge of and control over the contraband, including the fact that the accused owns the vehicle involved, or is connected with the owner; that the contraband emitted a clearly detectable odor; that the accused made furtive gestures toward the contraband; that the accused acted nervously; that the accused was under the influence of drugs or in possession of narcotic paraphernalia; that the contraband was in close proximity to the accused; that the accused made incriminating statements at the time of the arrest; that the accused attempted to escape. *See Meeks v. State,* 692 S.W.2d 504, 512 (Tex.Crim.App.1985); *Brazier v. State,*

748 S.W.2d 505, 508 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

In the present case, there was no evidence indicating who owned the vehicle driven by Sally Doyle, except for the anonymous informant's statement to Officer Massey that appellants had the marijuana in the trunk of "their car." There was no evidence indicating that either defendant had had sole access to the vehicle prior to the start of the surveillance by Officer Massey. There was no evidence that any of defendants' personal belongings were in the trunk (which could indicate they had looked in the trunk and therefore would likely be aware of its contents). The fact that Sally Doyle was nervous and admitted knowing that some "roaches" were under the front passenger's seat, although indicating she was familiar with marihuana and could identify it, did not, standing alone, show that she had knowledge of the contraband in the trunk. *See Baty v. State,* 734 S.W.2d 62, 65 (Tex.App.—Dallas 1987, pet. ref'd). The only evidence directly linking either of these appellants to the pound of marihuana in the trunk was the testimony of Officer Massey relating the information he had received from the anonymous, confidential informant.

The informant's statements were hearsay but were admitted into evidence without objection by appellants. The court in *Chambers v. State,* 711 S.W.2d 240, 247 (Tex.Crim.App.1986), abandoned the rule followed in Texas criminal cases that denied any probative value to admitted hearsay in determining sufficiency of evidence claims, stating:

> The time has come for this Court to acknowledge the lack of any rational underpinning for the special treatment of hearsay in sufficiency of the evidence cases. Therefore, ... we will follow the majority rule now embraced by Tex.R. Evid. 802 and treat inadmissible hearsay admitted without objection the same as all other evidence in the sufficiency context, i.e., it is capable of sustaining a verdict.

Tex.R.Crim.Evid. 802 states, "Inadmissible hearsay admitted without objection shall

not be denied probative value merely because it is hearsay." The *Chambers* court adopted the rationale that the reasons for the exclusion of hearsay are based on its questionable reliability, not on its probative value. 711 S.W.2d. at 246.

Officer Massey testified, without objection, that the informant stated that he had seen appellants in possession of a pound of marihuana, that appellants had that marihuana in the trunk of their car, and they were planning to sell it. All of the evidence presented at the suppression hearing was admitted, by stipulation, at the trial. If the informant had testified in person at trial, saying exactly what Officer Massey said he was told by the informant, such direct testimony would have been sufficient to support the conviction. The problem in this case is that the appellants had no opportunity to question the informant or learn anything about him, either before or during trial, because he was anonymous. Officer Massey only knew his first name.

■ Can a defendant be convicted of possession of contraband when necessary evidence showing the defendant had control and knowledge of the contraband comes from out-of-court statements of an anonymous tipster, corroborated in part by subsequent events? The hearsay statements were offered and admitted for the purpose of proving the truth of the matters stated; there being no objection to their admissibility, they are to be treated the same as all other evidence in the sufficiency context, i.e., they are capable of sustaining a verdict. *Chambers v. State,* 711 S.W.2d at 247.

We hold that, viewing the evidence in the light most favorable to the judgment, a rational trier of fact could have found, beyond a reasonable doubt, that (1) appellants exercised care, control, and management over the contraband, and (2) appellants knew the matter was contraband. Appellants' point of error two is overruled.

The judgments are affirmed.

COHEN, J., dissents and files opinion.

COHEN, Justice, dissenting.

I agree that the search was not illegal, *see Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and that Sally Doyle's control of the car, joined with her admission, proves she knowingly possessed marihuana found in the passenger compartment, which was less than the four ounces alleged in the indictment. Unlike the majority and the court in *Baty v. State,* 734 S.W.2d 62 (Tex.App.—Dallas 1987, pet. ref'd), I would hold that Sally Doyle's control of the car and admitted possession of marihuana in the passenger compartment raises an inference from which a rational jury could conclude that Sally Doyle also knowingly possessed the marihuana in the trunk, which weighed more than four ounces. In short, these facts make it more likely that she would also possess marihuana elsewhere in the car. Thus, I would hold the evidence supports Sally Doyle's conviction, even without considering the unobjected to hearsay statements of the anonymous informant.

Tony Doyle's case, however, is different. As the majority states, Tony Doyle did not control the car or admit anything, nor does any evidence, except anonymous hearsay, link him to the more than four ounces of marihuana in the trunk. The anonymous hearsay is the only evidence of his guilt, and if that is not sufficient, Tony Doyle's conviction must be reversed.

Several courts have held that unobjected hearsay evidence, standing alone, cannot support a conviction when the declarant unequivocally recants the hearsay in court under oath. *Forrest v. State,* 769 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1989 pet. granted); *Chambers v. State,* 755 S.W.2d 907 (Tex.App.—Houston [1st Dist.] 1988, pet. granted). *Fernandez v. State,* 755 S.W.2d 220 (Tex.App.—Houston [1st Dist] 1988, pet. granted); *Machado v. State,* 753 S.W.2d 252 (Tex.App.—Houston [1st Dist.] 1988), *pet. ref'd, per curiam,* 759 S.W.2d 435 (Tex.Crim.App.1989); *Villalon v. State,* 739 S.W.2d 450 (Tex.App.—Corpus Christi 1987, pet. granted). In this case, of course, the anonymous declarant did not recant his hearsay declaration in

court under oath. He did not testify, and could not have been subpoenaed, because he was unknown to everyone. Despite this difference, the *Machado* case is instructive.

In *Machado*, Sofos testified, without hearsay objection, that two men, Williams and "Candy," told him Machado set a fire. Williams testified, however, that he did not see the fire start and did not know when Machado had left the scene of the fire. This Court stated, "Unobjected to hearsay may be denied probative value for reasons other than its hearsay nature," and concluded that Sofos's testimony about Williams's statement had no probative value because Williams's own testimony showed that Williams "could not have known from personal knowledge that (Machado) started the fire." *Machado*, 753 S.W.2d at 254.

More pertinent to our present facts, the *Machado* court also found insufficient Sofos's further hearsay testimony that "Candy" said Machado started the fire. Like the informant here, "Candy" was known only by his first name and did not testify. Unimpressed, this Court wrote:

> Although this evidence may tend to prove that appellant was the person who started the fire, and so has "probative" value, we are unable to conclude that a rational trier of fact could have found that this evidence, even combined with the evidence of appellant's opportunity to start the fire, was sufficient to exclude every other reasonable hypothesis except that of the guilt of appellant.

*Id.* at 254.

I recognize that in this case, unlike in *Machado*, the witness, Officer Massey, personally corroborated several facts stated by his unknown informant, including Tony Doyle's name, his location, his imminent departure, and the color, make, and license number of the car he would travel in. These corroborated facts, however, do not tend to prove that Tony Doyle controlled the marihuana in the trunk, or that he did so knowingly. They give rise to no inference of guilt, as does, for example, Sally Doyle's knowing possession of marihuana in the passenger compartment. *See Hu-*

*mason v. State*, 699 S.W.2d 922 (Tex.App. —Houston [1st Dist.] 1985), *aff'd*, 728 S.W.2d 363 (Tex.Crim.App.1987).

I do not believe that either *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986), or Texas Rule of Criminal Evidence 802 means that *any* hearsay evidence admitted without objection automatically has the probative value necessary to support a conviction. As the *Villalon* court stated, all the nonhearsay evidence in *Chambers* was consistent with guilt. *Villalon*, 739 S.W.2d at 454. Here, there is no nonhearsay testimony of Tony Doyle's guilt. The sole evidence of Tony Doyle's guilt is indistinguishable from Candy's accusation that was held insufficient in *Machado*. As in *Humason*, no evidence makes it more likely than not that Tony Doyle knew of the marihuana in the trunk, much less knowingly possessed it. *Humason*, 728 S.W.2d at 366. Consequently, I would reverse the judgment and render a judgment of acquittal in the case of Tony Doyle.