NUMBERS 13-00-220-CR THROUGH 13-00-223-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RAFAEL MARTINEZ ESTRELLA
, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 156th District Court


of Bee County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Kennedy(1)


Opinion by Justice Kennedy



 Appellant was indicted in each of these four cases for possession
of marijuana, in an amount of four ounces or less, but more than one-fourth ounce. He pleaded "guilty" to each indictment and, based upon
a plea bargain agreement, was assessed punishment at confinement for
ten years and a fine of $1,000. The imposition of sentence was
suspended and appellant was placed on community supervision for ten
years.

 Subsequently, the State filed a motion to revoke appellant's
community supervision, alleging four counts of violation of the
conditions of his community supervision. The trial court found two of
these counts to be true,(2)
 revoked appellant's community supervision,
reduced the term of imprisonment to four years, and ordered this term
served in the institutional division of the criminal justice system of this
state.

 The appellate brief brings three points of error, which are:

Point of Error No. 1


 The trial court abused the (sic) discretion by revoking the
appellant's community supervision. Unsupported hearsay, refuted by
the appellant, standing alone will not support revocation of community
supervision.


Point of Error No. 2


 The evidence is legally insufficient to revoke the appellant's
community supervision.


Point of Error No. 3


 The State failed to prove by a preponderance of the evidence that
the appellant violated paragraphs two and four of the allegations
contained in the state's motion to revoke community supervision.


The State has not filed a brief herein. Because the points of error are
related, we consider them together.

 The "hearsay statements" referred to in point of error one were the
admissions appellant made to his probation officer that he had used
cocaine on two occasions. Appellant cites Forrest v. State, 769 S.W.2d
298 (Tex. App. ­ Houston [1st Dist.] 1989) for the proposition that
"unsupported hearsay evidence, which is repudiated, standing alone,
cannot be the basis of a revocation of community supervision." Forrest
was a case where the defendant's wife told an officer that defendant
had hit her on the head with an ash tray. The officer testified to this
statement during the revocation hearing, following which the wife
repudiated the statement.

 Our case is distinguishable. The "hearsay" statements made
herein were appellant's own statements. A statement tending to
subject the declarant to civil or criminal liability is not hearsay, however,
the statement must be supported by "corroborating circumstances" in
order to be admissible. Tex. R. Evid. 803(24) (Vernon Pamphlet 2000).

 During the hearing on the motion to revoke, the following
questions and responses were heard by the trial judge:

 Q [Prosecutor] Okay. There are some allegations in the
motion to revoke that's before the court
pertaining to the use of controlled
substance. (sic) How were those allegations
arrived at by the probation department?


 [probation officer] I met with the defendant on October
1st in reference to a positive UA that
was collected on August 30th, and he
admitted to using cocaine at a friend's
house on August 29th and September
15th.


 * * *


 [defense attorney] Okay. And let me ask you this: Back
on August 30th of this year did you
intentionally and knowingly use
cocaine?


 [appellant] No, sir.


 [defense attorney] How do you think that you would
have tested positive for cocaine?


 [appellant] Somebody must have put it in my
drink.


 * * *


 [defense attorney] And when they were trying to get you
to do drugs, you got up and basically
left?


 [appellant] I left.


 [defense attorney] And then you tested positive for
cocaine?


 [appellant] For cocaine.


 [defense attorney] Then the probation officer said that
you admitted to another cocaine use
on September the 15th of 1999. Did
you tell the probation officer that you
had used cocaine?


 [appellant] Yes, sir. At that time she was telling
me all kind of things, and she ­ if I
didn't tell her the truth, I was going to
get in trouble, or something like that;
and so instead of me getting other
people in trouble, I just set it up to
myself.


 We hold that this evidence provided the corroborating
circumstances necessary to indicate the trustworthiness of the
statements made against interest by appellant. The evidence is not
unsupported and, thus, can be the basis of a revocation of community
supervision. (Point one) The evidence is legally sufficient to support a
revocation. (Point two) The trial court did not abuse its discretion by
revoking appellant's community supervision. (Point three)

 We overrule all three of appellant's points of error and AFFIRM the
judgment of the trial court.

 

 NOAH KENNEDY

 Retired Justice


Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 8th day of February, 2001.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. The court found that on August 29, 1999 and September 15,
1999 appellant had knowingly possessed and used a controlled
substance (cocaine).