COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

LARRY DWAYNE ROBINSON,
)
 No. 08-03-00032-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 292nd District Court

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# F-015883-SLV)


MEMORANDUM OPINION



 Larry Dwayne Robinson appeals his conviction for possession of marijuana in an amount less
than five pounds but more than four ounces. A jury found Appellant guilty and assessed punishment
at two years' incarceration in a state jail facility. We affirm.

FACTUAL SUMMARY


 Dallas police officer Thomas Peterson was on special assignment and handled drug
complaints in South Dallas. While working the intersection of Silkwood and Jarvis, he observed
Appellant for approximately two weeks and saw him make what appeared to be hand-to-hand drug
transactions. When making these transactions, Appellant was in proximity to a house at 2723
Silkwood. Some transactions were made in the front yard, some on the front porch of the house,
and others on the sidewalk. The typical transaction unfolded as follows. A car would pull up in
front of the house and stop. Appellant would approach the vehicle and accept what appeared to be
money. He would then go back inside the house and return, carrying what appeared to be plastic
baggies of marijuana. Peterson conducted his surveillance from concealed positions across the street
by either laying along a fence line adjacent to a vacant field or hiding in a vacant house. He was
located approximately ten to fifteen feet away from the street when watching from the house and
twenty yards away when watching from the field. At times, Marshun Robinson, Appellant's nephew,
was also present during the drug transactions.

 After his two-week surveillance, Peterson contacted Detectives Hight and Jackson from the
narcotics division, informed them about his observations, and asked them to arrange a buy. On
November 7, 2001, the officers made contact with a female standing in the 2700 block of Silkwood. 
They asked her where they could buy four bags of marijuana and she led them to 2723 Silkwood. 
The officers stood by the driveway while the female walked to the front door. Marshun answered
the door, took the money, and handed the female four bags of marijuana. The officers never saw
Appellant during the buy. They left the premises, contacted police to get a picture of Marshun, and
having identified him, applied for a search warrant.

 Officer Scott Sayers was part of the team of officers that executed the warrant the next day. 
Sayers had also been conducting surveillance of the neighborhood due to numerous drug complaints
and had personally witnessed drug transactions involving both Appellant and Marshun at the
Silkwood address. On the evening of November 8, Sayers approached the door of the residence and
saw Appellant sitting inside on the couch. He knocked on the door and asked Appellant to come
outside for a talk. Appellant opened the door and Sayers informed him of the search warrant. When 
asked to step outside the house, Appellant stood at the door asking what this was all about. Sayers
took hold of Appellant's arm and told him to step outside. The officer smelled freshly burning
marijuana and saw Marshun sitting in the back bedroom. Marshun and a female were asked to leave
the house. The team members were assigned to different areas of the house to search and Sayers
photographed the drugs where they were found.

 Underneath the couch where Appellant had been sitting, officers discovered a brown sack
containing ziplock bags of marijuana. They also found an ashtray in the living room containing
smoked marijuana blunts. In the bedroom where Marshun was located, officers discovered two one-pound bags containing marijuana inside a dresser, a shoe box under the bed holding marijuana, and
$399 in cash. Officers also found a red umbrella case holding empty bags, a small bag of marijuana
and a blunt on a table near where Marshun was sitting, and a cloth bag holding a pair of scissors
behind the chair. In the kitchen, marijuana was found in a coffee tin on top of the refrigerator. 
Sayers testified that while he did not see Appellant smoking dope, cutting dope, or bagging dope
upon his arrival at the house, Appellant appeared to be high. No money was found on Appellant's
person nor were any of his belongings found inside the house. However, Sayers explained that it was
not uncommon for drug dealers to use a stash house or another property at which to sell their drugs. 
 Marshun was also arrested, pled guilty to possession of marijuana, and received a five-year
probated sentence. He testified that he was selling drugs out of the house and that he had bagged the
marijuana, but he denied ownership of the marijuana found under the couch and in the kitchen. 
Appellant had come over that particular day to pick up Marshun for a haircut but Appellant did not
know that Marshun sold drugs out of the house. Appellant never participated in drug transactions
nor smoked marijuana with Marshun. The defense also offered evidence that Appellant did not live
in the Silkwood house.


SUFFICIENCY OF THE EVIDENCE


 In two points of error, Appellant challenges the legal and factual sufficiency of the evidence,
arguing that the State failed to prove an affirmative link to the marijuana. 

Standards of Review


 In reviewing the legal sufficiency of the evidence to support a criminal conviction, an
appellate court must review the evidence in a light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on other grounds,
Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000); Levario v. State, 964 S.W.2d 290, 293-94
(Tex.App.--El Paso 1997, no pet.). We do not resolve any conflict of fact or assign credibility to the
witnesses, as this is within the exclusive province of the finder of fact to do so. Adelman v. State,
828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Lucero v. State, 915 S.W.2d 612, 614 (Tex.App.--El
Paso 1996, pet. ref'd). Instead, we determine only if the explicit and implicit findings of the jury are
rational when the evidence admitted at trial is viewed in a light most favorable to the verdict. 
Adelman, 828 S.W.2d at 421-22. In doing so, we resolve any inconsistencies in the evidence in favor
of the verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Menchaca v. State, 901
S.W.2d 640, 651 (Tex.App.--El Paso 1995, pet. ref'd).

 In reviewing factual sufficiency, we consider all of the evidence, but we do not view it in the
light most favorable to the verdict. See Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996);
Levario, 964 S.W.2d at 295. We will set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Levario, 964 S.W.2d
at 295. In conducting a factual sufficiency review, the reviewing court cannot substitute its
conclusions for those of the jury. See id. It is not within the province of this court to interfere with
the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the
witness's testimony. See id. Where there is conflicting evidence, the jury's verdict on such matters
is generally regarded as conclusive. See id. 

Unlawful Possession of Marijuana


 Where an accused is charged with unlawful possession of a controlled substance, the State
must prove that the accused exercised care, control and management over the contraband, and that
the accused knew the substance was contraband. Martin v. State, 753 S.W.2d 384, 386
(Tex.Crim.App. 1988), citing Nunn v. State, 640 S.W.2d 304 (Tex.Crim.App. 1982). The evidence
must affirmatively link the accused to the contraband by a showing which indicates the accused's
knowledge and control of the contraband. Waldon v. State, 579 S.W.2d 499, 501 (Tex.Crim.App.
1979). What constitutes an "affirmative link" has no peculiar methodology typical of a legal rule;
rather, it is "only a shorthand expression of what must be proven to establish that a person possessed
some kind of drug 'knowingly or intentionally.'" Brown v. State, 911 S.W.2d 744, 747
(Tex.Crim.App. 1995). Where the accused is not in exclusive possession of the place where the
substance is found, it cannot be concluded that the accused had knowledge of and control over the
contraband unless there are additional independent facts and circumstances which connect the
accused to the contraband. Menchaca, 901 S.W.2d at 651.

Factors to be Considered


 In determining if a sufficient connection exists between the defendant and the contraband, 
a reviewing court can examine a variety of factors: the defendant's presence when the search was
executed; whether the contraband was in plain view; the defendant's proximity and accessibility to
the contraband; whether the defendant was under the influence of the contraband when arrested;
whether the defendant possessed other contraband when arrested; any incriminating statements made
by the defendant when arrested; whether the defendant attempted to flee; whether the defendant
made any furtive gestures; any odor of the contraband; the presence of other contraband; the
defendant's right to possession of the place where the contraband was found; and whether the drugs
were found in an enclosed place. See Gill v. State, 57 S.W.3d 540, 544-45 (Tex.App.--Waco 2001,
no pet.); State v. Derrow, 981 S.W.2d 776, 779 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). 
Notwithstanding this laundry list, there is no strict formula of facts that necessitate a finding of an
affirmative link sufficient to support an inference of knowing possession. Hyett v. State, 58 S.W.3d
826, 830 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd).

 Appellant contends that the evidence is legally insufficient to support his conviction because
he was not cutting, bagging, or smoking marijuana when the officers first observed him. He argues
that even though smoked blunts were present in an ashtray in the living room, the evidence did not
establish where the ashtray was located and it was never established that the bag under the couch was
visible or accessible to him. While officers detected the smell of marijuana, there was also a blunt
in the back bedroom. Finally, he claims that no fingerprints linked him to the marijuana, he did not
make incriminating statements, and he did not attempt to flee. In support of his factual sufficiency
argument, Appellant primarily argues that most of the marijuana was found in the back bedroom
where Marshun was sitting and that Marshun testified that Appellant never sold drugs out of the
house. Although the officers claimed to have seen Appellant engaged in drug transactions, they
never purchased any drugs from Appellant. Finally, he emphasizes that there was no evidence he
lived at the house. 

 In our view, however, the evidence establishes links that raise reasonable inferences of
Appellant's knowledge and control of the marijuana. While Appellant did not own the house, he
answered the door upon the officers' arrival. See Watson v. State, 861 S.W.2d 410, 415 (Tex.App.--Beaumont 1993, pet. ref'd), cert. denied, 511 U.S. 1076, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994). 
He hesitated when asked to step out of the house. See Trejo v. State, 766 S.W.2d 381, 385
(Tex.App.--Austin 1989, no pet.)(affirmative link factors may include conduct indicating a
consciousness of guilt). Marijuana was found underneath the couch where Appellant was sitting
when officers arrived and within his immediate reach. Surveillance over the past two weeks
demonstrated that Appellant was a frequent visitor to the Silkwood house and he was seen making
hand-to-hand drug transactions. Officers detected the smell of freshly burning marijuana, an ashtray
in the living room contained a smoked blunt and Appellant seemed high at the time of his arrest. 
Substantial amounts of marijuana and other drug paraphernalia were found in other parts of the
house. 

 Viewing the evidence in the light most favorable to the verdict, we conclude that any rational
trier of fact could have found beyond a reasonable doubt that Appellant possessed the marijuana.
Consequently, the evidence is legally sufficient to support the conviction. Point of Error One is
overruled. As for factual sufficiency, the verdict of the jury could have rested upon the weight and
credibility of the testifying witnesses. Appellant's defensive theory was that he knew nothing about
the marijuana and that he had just arrived at the house. The jury evidently rejected Marshun's 
testimony and instead chose to believe the officers. See Dewberry v. State, 4 S.W.3d 735, 747
(Tex.Crim.App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000)(holding
that the trier of fact is free to believe or disbelieve all or part of testimony given.). Remembering
that the jury is the sole judge of the weight and credibility of the witnesses' testimony, we conclude
that the evidence is not so weak that the verdict was clearly wrong and unjust, nor is the verdict so
against the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule
Point of Error Two and affirm the judgment of the court below.



May 6, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)