**Douglas Richard FORREST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 816–89.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1991.

W. Troy McKinney, V. Dale Jefferson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of aggravated assault and given a five-year probated term and a $500 fine. Appellant's felony probation was revoked upon a finding by the trial court that appellant violated the terms and conditions of his felony probation. See Art. 42.12, §§ 24 and 26, V.A.C.C.P. Specifically, the trial court found appellant committed an offense against the law of this State on or about March 15, 1988, when he "committed the offense of aggravated assault on Mary Grace Forrest by striking her in the head with an ashtray." The trial court further found that appellant consumed alcoholic beverages to excess, and thereby revoked appellant's probation

and assessed his punishment at four year's confinement in the Texas Department of Corrections.[1]

On direct appeal, the Court of Appeals reversed the judgment of the trial court. *Forrest v. State,* 769 S.W.2d 298 (Tex.App.—Houston [1 Dist.] 1989). The Court of Appeals based the reversal on its ruling that unobjected to hearsay which has been contradicted in court by the declarant does not have probative value and, consequently, cannot sustain an order of revocation. The State argued in its petition that the Court of Appeals' decision runs counter to both this Court's decision in *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986) and to Tex.R.Crim.Evid. Rule 802. For reasons stated in *Fernandez v. State,* 805 S.W.2d 451 (Tex.Cr.App., this day decided), we reverse the decision of the Court of Appeals.

A restatement of the facts proven at trial is necessary. Officer Fickessen arrived at the scene of the assault between 3:00 and 4:00 in the afternoon of March 15, 1988. When he arrived, he observed that Mary Grace Forrest had a large lump on the top of her head with a one-half inch laceration on the top of the lump. Fickessen testified that Mrs. Forrest told him that she and "her husband had been involved in a fight and they had hit her with an ashtray." When the prosecutor asked Fickessen if Mrs. Forrest told him how it was that appellant struck her with the ashtray, he responded, "I believe he threw it at her." Inside the Forrest's apartment, Fickessen found a "large, kind of a hunk of hair" on the kitchen floor. Fickessen noticed that Mrs. Forrest appeared to be "somewhat intoxicated" and appellant appeared to be "highly intoxicated." On cross-examination, Fickessen stated that Mrs. Forrest was not intoxicated "to the extent of the defendant." On cross, he responded affirmatively to defense counsel's question, "She told you that he hit her with an ashtray, didn't she?"

Mrs. Forrest also testified at trial. She stated that she and her husband had been married for ten years, and that they had

three children, between the ages of three and seven. On direct, she stated that she and her husband had been in a fight and he threw an ashtray. However, she denied that it struck her and stated that she thought she hurt her head when she slipped and fell against the refrigerator. She then said she was not exactly sure how she was hurt. She also testified that she recalled telling Officer Fickessen at the scene that appellant had hit her with an ashtray. On cross, she first stated she could not remember if her husband struck her with the ashtray. After being told by defense counsel that her testimony was "very important," she stated that she hit her head on the refrigerator. The trial court then interceded and asked Mrs. Forrest, "Did you tell the officer he hit you with the ashtray?" She responded, "Yes."

Several important conclusions may be drawn from the testimony at the hearing. First, appellant did not object to the hearsay testimony of Officer Fickessen. Second, appellant did not object to the trial court's intercession of his cross-examination of Mrs. Forrest to ask her to confirm the statements Fickessen reported her making at the scene. Third, Mrs. Forrest admitted making those statements at the scene to Officer Fickessen. Fourth, Fickessen's observation of the wound to Mrs. Forrest's head supported his account of what happened at the crime scene.

 In its opinion, the Court of Appeals concluded that the declarant (Mrs. Forrest)'s in-court testimony contradicted the hearsay testimony of Officer Fickessen, thereby depriving the latter of its probative value. *Forrest v. State,* 769 S.W.2d 298. In this, the Court of Appeals erred by assuming the duties of the trier of fact and reweighing the comparative probative value of the unobjected to hearsay and the declarant's in-court testimony. *Fernandez v. State,* 805 S.W.2d 451 (Tex.Cr.App., this day decided). In this manner, the Court of Appeals stepped outside the limits allowed a reviewing court when conducting an

---

1. Now, the Texas Department of Criminal Justice, Institutional Division.

abuse of discretion analysis [2]. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986) (citations omitted). A similar problem occurs when a reviewing court goes too far in conducting a sufficiency review. *See Fernandez, supra,* and cases cited therein, including *Blankenship v. State,* 780 S.W.2d 198, 206–207 (Tex.Cr.App.1988).

For the Court of Appeals in the instant case to say that Fickessen's hearsay testimony has no probative value in light of the declarant's contradictory in-court testimony is an improper attempt to reweigh the evidence to conform to their own opinion of the credibility of the hearsay and their own belief of the probative value of that testimony. *See Fernandez, supra.* The mere fact that the trial court in the instant case decided a matter within his discretionary authority in a different manner than the Court of Appeals would have done in a similar circumstance does not demonstrate that an abuse of discretion has occurred.

The judgment of the Court of Appeals is reversed and the order of the trial court revoking appellant's probation is affirmed.

CLINTON, J., concurs in the result.

OVERSTREET and MALONEY, JJ., not participating.

BAIRD, Judge, concurring.

For the reasons stated in *Fernandez v. State,* 805 S.W.2d 451 (Tex.Cr.App. this day decided), I concur in the result reached by the majority in this cause.

MILLER, J., joins this opinion.

---

**2.** In a probation revocation hearing, the decision whether to revoke rests within the discretion of the trial court. *Wester v. State,* 542 S.W.2d 403, 405 (Tex.Cr.App.1976). This discretion is not absolute. *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1974). The trial court is not authorized to revoke probation without a showing that the probationer has violated a condition of the probation imposed by the court. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex.Cr. App.1987); and cases cited therein. The burden of proof in a probation revocation hearing is by a preponderance of the evidence. *Cardona v. State,* 665 S.W.2d 492 (Tex.Cr.App.1984).