# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00847-CR

**Kevin Rayford, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 9020645, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Rayford pleaded guilty to the offense of securing execution of a document by deception. *See* Tex. Pen. Code Ann. § 32.46 (West Supp. 2006). Without entering an adjudication of guilt, on November 21, 2003, the trial court deferred the proceedings and placed appellant on community supervision for 2½ years. In 2004, after the State filed a motion to proceed with adjudication of guilt, the court continued appellant on community supervision. In July 2005, appellant pleaded true to a second motion to adjudicate guilt; the court assessed punishment at two years' confinement but suspended the sentence and placed appellant on community supervision for two years.

On September 16, 2005, the State filed a motion to revoke appellant's community supervision, alleging in four grounds that appellant failed to pay restitution, court costs, and fees as required by the terms and conditions of his supervision, and that he committed the criminal offense

of assault with injury—family violence, causing bodily injury by choking. After a trial before the court on November 22, 2005, the court found that the State had proved each of the four grounds by a preponderance of the evidence, revoked appellant's community supervision, and sentenced him to confinement for a term of 18 months. On appeal, appellant urges that the court abused its discretion in revoking his community supervision.

Appellate review of an order revoking community supervision is limited to whether the trial court abused its discretion. *Forrest v. State*, 805 S.W.2d 462, 464 (Tex. Crim. App. 1991); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). An order revoking community supervision must be supported by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493. The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

If the State alleges the defendant failed to pay fees, court costs, fines, or restitution, the inability to make such payments is an affirmative defense for a defendant to raise and prove by a preponderance of the evidence. *Stanfield v. State*, 718 S.W.2d 734, 737 (Tex. Crim. App. 1986). The State has the burden to prove the failure to pay was intentional. *Id*. at 738. The defendant has the burden of producing evidence and the burden of persuasion on the issue of inability to pay. *Id*.

Relying on *Ortega v. State*, appellant argues that the State failed to carry its burden of showing that appellant intentionally failed to pay restitution, costs, and fees. 860 S.W.2d 561 (Tex. App.—Austin 1993, no pet.). *Ortega* is distinguishable. In *Ortega*, the probationer raised the

2

defense of inability to pay, and the State did not show that appellant was employed and that his failure to pay was intentional or willful. *Id*. at 566. Ortega testified at the revocation hearing that he had been terminated from his job, had secured new employment, that his employment was to commence at some point, and that he supported his non-working wife and five children. He testified to his living expenses, and his efforts to find gainful employment and complete his education. He filed an affidavit showing his income. This Court concluded that the trial court abused its discretion in finding that Ortega's failure to pay was intentional.

In this case, however, Christian Nwankpa, appellant's community supervision officer, testified that he explained the conditions of probation to appellant, including appellant's obligation to pay the court-ordered restitution, court costs, and fees. Nwankpa testified that at the time the State filed its motion to revoke, appellant was delinquent in paying restitution of $75, court costs of $15, and fees of $120. Nwankpa testified that these fees were due in August 2005, that appellant had failed to pay them, and that at the time the State filed its motion appellant was two months behind in paying his supervision fees. Nwankpa also testified that appellant was employed. Appellant did not testify and did not argue that he paid the fees. Nor did he adduce evidence that he was unable to pay.

Even if the defendant does not raise the defense of inability to pay, as here, the State still has the burden to prove that the failure to pay was intentional. *Ortega*, 860 S.W.2d at 567. If the defendant does not raise the issue of inability to pay, the State may meet the burden of proving intent without difficulty, because a defendant who has the ability to pay but does not pay leaves the

finder of fact with a strong inference that the failure to pay was intentional. *Stanfield*, 718 S.W.2d at 738.

Here, although the evidence was scant, an inference of intentional nonpayment is adequately supported. *See id*. The State presented evidence that the requirements were explained to appellant, that he was employed, and that he failed to make any of the required payments. Appellant failed to raise the issue of inability to pay, and there is no evidence of the expenses that he incurred or income that he earned during the period when he did not pay his restitution, court costs, and fees. The facts and circumstances surrounding an act or omission may reveal a party's intent. *Id*. Appellant did not put on any evidence that his failure to pay was unintentional. When viewed in the light most favorable to the trial court's judgment, there was sufficient evidence to support the trial court's conclusion that appellant violated the conditions of his community supervision and that his violations were sufficient to support a revocation.

We cannot say the trial court abused its discretion in revoking appellant's community supervision based on the three grounds of failure to pay restitution, court costs, and fees. We need not consider the sufficiency of the fourth ground for revocation because proof of a single alleged violation of a condition of community supervision is sufficient to support revocation. *See Moore*, 605 S.W.2d at 926.

We affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   October 11, 2006

Do Not Publish