

# NUMBER 13-11-00596-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ALONZO MOORE,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

### On appeal from the 105th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

This is an appeal from an order revoking appellant, Alonzo Moore's, community supervision. Appellant was charged with two counts of family violence assault. *See* TEX. PENAL CODE ANN. § 22.01 (West 2011). He pleaded guilty and was placed on deferred adjudication-community supervision for five years. By one issue, appellant urges that the trial court erred when it failed to consider either mitigating circumstances or

the full range of punishment available to him upon revocation.   We affirm.

## I.  BACKGROUND

On August 1, 2011, appellant pleaded guilty to the offense of family violence assault against his girlfriend.   The State moved to revoke appellant's community supervision on August 8, 2011, a week later, alleging that on August 6, 2011, appellant again committed the offense of assault on the same woman as well as having contact with her.   Appellant pleaded "true" to the violations.

## II.  STANDARD OF REVIEW

The proper standard of review of a trial court's decision concerning revocation of a defendant's probation is one of abuse of discretion.   *Forrest v. State*, 805 S.W.2d 462, 464 n. 2 (Tex. Crim. App. 1991).   Due process requires a neutral and detached hearing body or officer.   *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).   For due process purposes, absent a clear showing of bias, a trial court's action will be presumed to have been correct.   *Id.*

## III.  ANALYSIS

Appellant argues by his sole issue that the trial court failed to consider mitigating circumstances or the full range of punishment in this case.   The record reflects that the appellant pleaded true to both violations.   There was testimony offered that on August 6, 2011, the police entered the victim's apartment and the victim told police that appellant had been hitting her pretty much all night long.   This was less than a week after he had been placed on probation.

2

The trial court stated at the end of the hearing that it took appellant only five minutes to violate its orders. The court iterated she had read everything in the file, and decided to revoke his community supervision and assess his punishment at ten years' confinement. The crime for which appellant was convicted was a third-degree felony punishable by not more than ten years. TEX. PENAL CODE ANN. § 12.34 (West 2011). The sentence given was within the allowable range. The trial court's comments here, as in *Brumit,* do not support appellant's argument that the trial court predetermined appellant's sentence or failed to consider mitigating circumstances. There is absolutely nothing in the record to show any bias or partiality on the trial court's part. Appellant's issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.