

# NUMBER 13-12-00171-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DANIEL ARMADILLO,**                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                               **Appellee.**

---

### On appeal from the 94th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela Memorandum Opinion by Justice Rose Vela

This is an appeal from an order revoking appellant, Daniel Armadillo's, community supervision. Appellant was charged with two counts of indecency with a child by contact. TEX. PENAL CODE ANN. § 21.11 (West 2011).[1] He pleaded guilty and was placed on

---

[1] The judgment adjudicating guilt incorrectly cites to section "21.22" of the Texas Penal Code. This section does not exist. The judgment should be modified to reflect that appellant was convicted under section 21.11 of the Texas Penal Code. *See* TEX. R. APP. P. 43.2; *Rhoten v. State*, 299 S.W.3d 349, 355 (Tex. App.—Texarkana 2009, no pet.) (granting appellate courts authority to modify judgments sua sponte,

deferred-adjudication community supervision for four years. Thereafter, the State moved to revoke his community supervision, alleging several violations. Appellant pleaded "true" to several of the alleged violations; the trial court adjudicated him guilty and sentenced him to eight years in the Texas Department of Criminal Justice, Institutional Division. By one issue, appellant urges that the trial court violated his due process rights when it failed to consider the full range of punishment available to him upon revocation. We affirm the judgment as modified.

## I. STANDARD OF REVIEW

The proper standard of review of a trial court's decision concerning revocation of a defendant's probation is one of abuse of discretion. *Forrest v. State*, 805 S.W.2d 462, 464 n. 2 (Tex. Crim. App. 1991). Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Absent a clear showing of bias, a trial court's action will be presumed to have been correct. *Id.*

## II. ANALYSIS

Appellant argues by his sole issue that the trial court failed to consider the full range of punishment in this case. During the hearing on the motion to revoke, the trial court heard testimony from appellant's probation officer, appellant and appellant's wife. At the hearing's conclusion, the court stated:

> I mean, you've been here a couple of times, the first M.T.R involved contact with minors. One of them was contact with the same granddaughter. The other one was a sixteen year old granddaughter, who probably is of age by now, and then the next time we were here not a lot was proven, but we are here today and he's having contact once again, along with some other issues. Drinking is a problem in this case because it—certain inhibitions.

to correct typographical errors, and make the record speak the truth).

All right, the Court having heard the evidence, defendant has plead true, finds the allegations to be true, hereby adjudicates defendant, revokes his community supervision, sentences him to eight years in the Department of Criminal Justice Institutional Division on both counts.

Appellant was convicted pursuant to section 21.11(a) of the penal code, a second degree felony punishable by a term of not more than twenty years or less than two years. TEX. PENAL CODE ANN. § 12.33 (West 2011). The trial court's comments here, as in *Brumit,* do not support appellant's argument that the trial court predetermined appellant's sentence. There is absolutely nothing in the record to show any bias or partiality on the trial court's part. Appellant's issue is overruled.

## III. CONCLUSION

The judgment of the trial court is modified to reflect that he was convicted pursuant to section 21.11 of the Texas Penal Code, and, as modified, it is affirmed.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.