ACCEPTED
12-14-00355-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/28/2015 10:54:21 AM
CATHY LUSK
CLERK

CAUSE NO. 12-14-00355-CR

IN THE

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/28/2015 10:54:21 AM
CATHY S. LUSK
Clerk

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

---

DONALD POWELL,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

**STATE'S REPLY TO APPELLANT'S BRIEF**

---

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Criminal District Attorney
Bar I.D. No. 21203300

Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**COUNTERPOINT ONE: The evidence was at trial legally sufficient to establish the each and every element of the offense alleged** . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

**STATUTES**                                              **PAGE**

**TEX. PENAL CODE ANN. (Vernon 2012)**

§ 22.01 (a) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

**FEDERAL CASES**                           **PAGE**

*Jackson v. Virginia,* 443 U.S. 307,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4

**STATE CASES**                              **PAGE**

*Brooks v. State*, 323 S.W.3d 893
(Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Chambers v. State*, 805 S.W.2d 459
(Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Fernandez v. State*, 805 S.W.2d 451
(Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10, 11

*Forrest v. State*, 805 S.W.2d 462
(Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Hooper v. State*, 214 S.W.3d 9
(Tex.Crim.App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Lancon v. State*, 253 S.W.3d 699
(Tex.Crim.App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 11

*Malik v. State*, 953 S.W.2d 234
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Peters v. State*, 997 S.W.2d 377
(Tex.App. - Beaumont 1999, *no pet.*) . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

**STATE CASES (CONT.)** **PAGE**

*Rodriguez v. State*, 819 S.W.2d 871
(Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CAUSE NO. 12-14-00355-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

DONALD POWELL,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged error and affirm the judgment and sentence of the trial court in the above-numbered cause.

1

## STATEMENT OF THE CASE

Appellant, Donald Powell, was charged by information in Cause No. 002-81591-14, filed in the County Court at Law #2 of Smith County, Texas, with the offense of Assault / Family Violence. (CR: 1). On September 17-18, 2014, Appellant, with counsel, having been duly admonished, pleaded not guilty to the charge contained in the information and the case was tried to a jury. (RR 2: 158). After hearing the evidence and argument of counsel, the jury found Appellant guilty as charged. (RR 3 pm: 28).[1] In a separate punishment hearing, the trial court heard evidence and argument of counsel and assessed the sentence of sixty (60) days in confinement and a $1,000.00 fine. (RR 4: 80). Appellant gave timely notice of appeal, counsel was appointed, and a brief filed with the Court. The State's brief will be timely filed postmarked on or before September 4, 2015.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the evidence presented at trial. In the interest of judicial economy any other facts not mentioned herein that may be relevant to Appellant's point of error will be discussed in the State's argument in response to that point.

---

[1] For reasons unknown to counsel there are two separate volumes numbered as "Volume 3." The volumes are separated into "(Morning Session)" and "(Afternoon Session)." The State will refer to the first as "(RR 3 am: x)" and the second as "(RR 3 pm: x)."

2

## REPLY TO APPELLANT'S POINT OF ERROR AND SUMMARY OF ARGUMENT

<u>COUNTERPOINT ONE</u>: **The evidence was at trial legally sufficient to establish the each and every element of the offense alleged.**

### A.      Summary of Argument

Under his single point of error, Appellant argues that the evidence was legally insufficient to prove that he committed the offense alleged where the victim testified at trial that she did not remember how she received the bruising and other injuries depicted by photos taken of her after the offense. (Appellant's brief at 4-8). However, the record establishes that on the date of the offense the victim reported to police that Appellant was the person who assaulted her and she further executed a written statement to that effect. It was only at trial that the victim was extremely reluctant to identify Appellant as the assailant. When viewed in the light most favorable to the jury's verdict, the evidence in this case clearly supported the jury's finding of guilt.

### B.      Legal Sufficiency Review Standard

In determining legal sufficiency, the Court should review all of the evidence in the light most favorable to the jury's verdict to decide whether any rational jury could have found the essential elements of offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010) *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The Court should examine

legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007) *citing Jackson*, 443 U.S. at 318-19. Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Furthermore, the jury is considered the sole judge of the credibility of witnesses and is thus free to accept or reject some, all, or none of the evidence presented by either side. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008).

## C.    Application to the Facts of the Case

In this case, the State alleged and was required to prove that Appellant (1) intentionally and knowingly caused bodily injury to Lydia Koonce . . . by striking [her] with hand or hands." (RR 2: 137-38); *See* TEX. PENAL CODE ANN. § 22.01 (a) (1) (Vernon 2012). The jury heard the following testimony which was relevant to the State's burden of proof on Appellant's identity as the assailant:

4

**1.** **Ms. Lydia Koonce**, the victim, was the State's first witness and testified that she was in a dating relationship with Appellant during a period of time when she was having "marital difficulty" with her then husband, Mr. Steven Koonce. (RR 2: 154, 156). She had invited Appellant to stay with her and her 12-year old daughter in her Tyler weekend home on May 20, 2012. (RR 2: 160-62). While there together, both the victim and Appellant began drinking beer. (RR 2: 614).

Appellant wanted to go out later that evening and he and Ms. Koonce drove to a "dive bar" where they stayed until it was closing time. (RR 2: 165-67). While at the bar, the victim testified that she was drinking shots of tequila and became "pretty intoxicated." (RR 2: 165, 167). According to the victim, she invited approximately five or six unidentified people the couple had met at the bar back to her house to continue drinking. (RR 2: 169). Ms. Koonce told the jury that the last thing she remembered about the evening was that she and these unidentified people were drinking on her back porch. (RR 2: 168).

Ms. Koonce then testified that the next thing she remembered was waking up the following morning and being "pretty banged up." (RR 2: 170). She claimed that her daughter was gone and Appellant was no longer there. (RR 2: 171). When she looked in the mirror, Ms. Koonce saw that she had "a lot of bruises" on her face. (RR 2: 172). She denied that she remembered meeting her husband to drop off her

5

daughter at a Valero station. (RR 2: 173). She denied that she remembered talking to a deputy and making her written statement which reported that she had been assaulted by Appellant. (RR 2: 174). Her written statement was identified by Ms. Koonce and admitted into evidence as State's Exhibit #18. (RR 2: 212-13). In this statement, Ms. Koonce wrote:

> I was in my home at 16786 Red Oak Rd [and] Mr. Don Powell became upset with me [and] proceeded to physically assault me about the face. I asked him to leave [and] he refused so I called my exhusband to meet me with the children. I do wish to file formal charges for assault.

(RR 5: State's Exhibit #18).

Regarding her discussions with the deputy on the morning of the offense, Ms. Koonce claimed that she did not remember telling the deputy that, after the invited guests had left, she and Appellant got into an argument over his jealousy. (RR 2: 214). She also claimed to not remember telling the deputy that at some point during the argument Appellant had pushed her to the floor and began hitting repeatedly on the face. (RR 2: 214). She testified that she did not remember telling Appellant to leave or, when he refused to leave, taking her daughter to the nearby gas station to call for help. (RR 2: 215). Ms. Koonce also told the jury that she could not remember calling her husband to come and get their daughter. (RR 2: 215). She further denied any recall of telling the deputy that Appellant was still at the house and that she

6

wanted him removed so she could go back home. (RR 2: 215). She also specifically denied that she told the deputy that she wanted to press charges against Appellant for assaulting her. (RR 2: 216).

**2.** The State next called **Detective Jennifer Stockwell**, who was the patrol deputy who took the assault report from the victim. (RR 3 am: 5, 9-10). Det. Stockwell told the jury that on May 20, 2012, she was dispatched to a Valero gas station at 7:00 a.m. in reference to a domestic dispute. (RR 3 am: 9-10).

When she arrived, Ms. Koonce was present along with Mr. Steven Koonce and their daughter. (RR 3 am: 10). She described the victim as being "very upset, distraught [with] bruising and swelling to her face." (RR 3 am: 10). The injuries appeared fresh and Ms. Koonce was wearing a bath robe. (RR 3 am: 10). "It looked like she had just woke up or left the house in a hurry." (RR 3 am: 11). Ms. Koonce told Det. Stockwell that Appellant had assaulted her at approximately 5:00 a.m. that morning. (RR 3 am: 11). Twelve different photographs of Ms. Koonce's injuries were identified and admitted to the jury as State's Exhibits 2-14. (RR 3 am: 15). These photos showed "swelling and bruising to both eyes, swollen lip." (RR 3 am: 16). Ms. Koonce's right eye was seen to be swollen completely shut. (RR 3 am: 17). According to the detective, the injuries to Ms. Koonce's face appeared to have been inflicted by a hand. (RR 3 am: 18).

The detective told the jury that she did not smell alcohol on the victim's breath and did not observe any other signs of intoxication on the victim during the time she spoke to her at the gas station. (RR 3 am: 23). The jury heard that Detective Stockwell would not have taken a statement from Ms. Koonce if she was intoxicated pursuant to Smith County Sheriff's office policy. (RR 3 am: 23-24). In the detective's opinion, Ms. Koonce was not intoxicated when she took the assault report, or when the victim wrote her statement. (RR 3 am: 24). Ms. Koonce was told before writing her statement that she would be charged with False Report to a Peace Officer if it was determined that she lied in the statement. (RR 3 am: 24).

After taking the victim's report, Detective Stockwell and another deputy went to Ms. Koonce's residence to speak to Appellant. They found him asleep on a couch in the living room. (RR 3 am: 25). In speaking with Appellant, the detective noticed that he had a strong odor of alcohol on his person and his breath. (RR 3 am: 27). Appellant claimed to not remember anything that had happened that evening or morning. (RR 3 am: 28).

Based upon the report of Ms. Koonce, Appellant was then arrested for the assault on her. (RR 3 am: 28). Appellant was seen to have a "purple" mark under his eye and he pointed out to the detective what he described as "bite marks" on his stomach. (RR 3 am: 29). The injuries to Appellant appeared to be fresh and she

8

agreed that the injuries "indicated that he had been in an altercation that evening or that night." (RR 3 am: 29). The detective told the jury that the marks on Appellant's stomach looked her to be scratch marks rather than bite marks and they "appeared to be defensive [wounds] from Ms. Koonce." (RR 3 am: 31, 35). According to Detective Stockwell, Appellant's injuries further corroborated what Ms. Koonce had told her. (RR 3 am: 31). Photographs of Appellant's injuries were identified and admitted into evidence as State's Exhibits 15-17. (RR 3 am: 31-33).

Detective Stockwell identified that man she discovered on the couch at Ms. Koonce's residence as Appellant. (RR 3 am: 42). The victim had also identified Appellant at trial during her cross-examination. (RR 2: 158).

The record indicates that at this point the jury was sent out of the courtroom while the parties held a hearing on the admissibility of Appellant's prior assault against Ms. Koonce in which he pled guilty and was given a deferred adjudication probation sentence. (RR 3 am: 61-104). After the trial court denied admission of this evidence, the State and the defense rested their respective cases. (RR 3 am: 104-06).

The sole issue raised by Appellant is whether the trial testimony sufficiently established his identity given that the victim claimed that she allegedly could not remember anything about the assault. This testimony is in conflict with that of Detective Stockwell, and with the written statement made by Ms. Koonce.

9

Nevertheless, jury was presented with direct evidence from Detective Stockwell, and in Ms. Koonce's written statement, both of which established the element of identify of Appellant as the victim's assailant. *See Fernandez v. State*, 805 S.W.2d 451, 454 n.2 (Tex.Crim.App. 1991) (testimony by officer reflecting statements made by defendant's wife prior to trial, which were recanted by wife at trial, was direct evidence because it was "an inference from the assertion of a witness to the truth of the fact asserted"). Furthermore, the victim's prior statement to Detective Stockwell has an "inherent indicia of trustworthiness" because it was were "made closer in time to the event in question." *Id*.

Moreover, as factfinder, the jury was entitled to judge the credibility of each of the witnesses and could choose to believe all, some, or none of the testimony. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). The jury observed the victim's demeanor and heard Detective Stockwell testify about the statement the victim made to her on the day of the offense. The jury was entitled not only to reconcile any conflicts in the testimony, but even to disbelieve the victim's new claim of a lack of memory. *See Peters v. State*, 997 S.W.2d 377, 383 (Tex.App. - Beaumont 1999, *no pet*.).

This Court also should not assume the duties of the trier of fact by reweighing the comparative probative value of the victim's report to Detective Stockwell and her

10

in-court testimony. *See Forrest v. State*, 805 S.W.2d 462, 463 (Tex.Crim.App. 1991). The relative probative value of Detective Stockwell's evidence was assessed by the jury in reaching its verdict. When the jury convicted Appellant, it expressed its view that this evidence was probative. Once a jury has made such an assessment, "an appellate court may not reevaluate the probity of [an] individual item of evidence." *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991).

"The appellate court has only the discretion to determine if any rational trier of fact could have, based on the evidence admitted at trial, found the essential elements of the offense beyond a reasonable doubt." *Id*. *quoting Fernandez*, 805 S.W.2d at 456. In this case, the jury heard and saw direct evidence that the victim had reported to police that Appellant was the person who had assaulted her. Photographs and testimony of Appellant's fresh and unexplained injuries on the day of the assault further corroborated the victim's statements to police - as did his presence at Ms. Koonce's residence. The jury clearly had the discretion under the law to disregard or disbelieve all, or any part of, Ms. Koonce's trial testimony and to rely instead on the evidence of her statements to police on the date of the offense that Appellant was the assailant. *See Lancon*, 253 S.W.3d at 707.

As such, this Court should overrule Appellant's point of error and affirm the judgment of conviction in this case.

11

## PRAYER

**WHEREFORE**, for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Point of Error and affirm the judgment of the County Court at Law #2, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

/s/ *Michael J. West*

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
mwest@smith-county.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 2,271 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (i)(3).

/s/ *Michael J. West*
Michael J. West

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __28th__ day of __August__ , 2015, the following have been completed:

(1) The original copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of 12th Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to:

Mr. James Huggler
Attorney at Law
100 E. Ferguson, Ste. 805
Tyler, Texas 75702

/s/ *Michael J. West*
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702