# NO. 12-18-00228-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEPHONE LAMAR WIGFALL,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Stephone Lamar Wigfall appeals from his conviction for aggravated assault with a deadly weapon. In one issue, Appellant contends the evidence is insufficient to support the verdict. We affirm.

## BACKGROUND

Mackenzie Barton was driving around with her boyfriend, the Appellant. She stopped at a park to finish her preparations for a job interview. Something Barton said suddenly enraged Appellant and he hit her with his fist. In the fight that followed, Appellant took a lift gate support from the back of Barton's SUV and used it to shatter the windows and crack the windshield. She told police that Appellant hit her in the back of the head with a metal pole. Police found a pneumatic lift gate support rod at the scene. Barton told the paramedic assessing her injuries that she was hit on the head by a piece of metal. At the hospital, she was diagnosed with a concussion. Shortly after the incident, Barton told a relative that Appellant hit her in the back of the head with a tire iron. A witness who drove by during the assault testified that she saw Appellant hit Barton in the head with something "shiny."

At trial, 242 days after the assault, Barton testified that she did not recall Appellant hitting her with a pipe or other metal object. Although she recalled that Appellant took a metal pipe and

broke the windows of her SUV, she maintained that she could not recall Appellant hitting her with a pipe. Nor could she recall telling other people that Appellant hit her with a pipe. According to Barton, "I just remember the windows and the metal rod. As far as I know he hadn't hit me with it." She testified that the injury to the back of her head was caused by a bottle.

Appellant, in his testimony, admitted an assault on Barton that left her with stitches, a concussion, and a broken nose. But he strenuously denied hitting her with a metal pipe.

While in jail awaiting trial, Appellant called Barton on multiple occasions asking her to accuse someone else, or claim to be his wife and refuse to cooperate with prosecutors. Appellant's entreaties resulted in Appellant assisting Barton in composing an affidavit of non-prosecution that accused a supposed friend, "Buster," of the assault. But at trial, Barton admitted that Appellant helped her contrive the story in the false affidavit.

The jury found Appellant "guilty" of aggravated assault with a deadly weapon in that he "intentionally, knowingly, or recklessly cause[d] bodily injury to Mackenzie Barton by striking [her] with a metal pipe." The jury sentenced Appellant to ten years of imprisonment. This proceeding followed.

## SUFFICIENCY OF THE EVIDENCE

The indictment charged Appellant with intentionally, knowingly, and recklessly causing bodily injury to Barton by striking her with a metal pipe. The use of the metal pipe was both the aggravating element as well as the manner and means of the underlying assault. Appellant contends the evidence is insufficient to show that he used a metal pipe in assaulting Barton.

### Standard of Review

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In assessing the legal sufficiency of the evidence, an appellate court considers all the evidence in the light most favorable to the verdict to determine whether based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *Winfrey v. State*, 323 S.W.3d 875, 878-79 (Tex. Crim. App. 2010). We determine whether the inferences

2

necessary to sustain the conviction are reasonable after reviewing "the combined and cumulative force of all the evidence" – direct or circumstantial – properly or improperly admitted – as "viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton*, 235 S.W.3d at 778. Direct and circumstantial evidence are treated equally. *Id*. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

**Applicable Law**

Section 22.02 of the Texas Penal Code provides, in relevant part, that a person commits an offense if he commits an assault and in so doing, uses or exhibits a deadly weapon during the commission of the offense. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2019).

A complainant's recantation of earlier testimony does not deprive the recanted statement of its probative value. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Fernandez v. State*, 805 S.W.2d 451, 456 (Tex. Crim. App. 1991); *Forrest v. State*, 805 S.W.2d 462, 463-64 (Tex. Crim. App. 1991). When a witness recants prior testimony, it is up to the fact finder to determine whether to believe the original statement or the recantation. *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd).

An attempt to tamper with a witness can be considered as evidence of consciousness of guilt. *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).

**Discussion**

At trial, Appellant admitted assaulting Barton but denied striking her with a metal pipe. In contrast to her statements made after the attack, Barton testified that she did not remember

Appellant hitting her with a pipe. She did not recall telling others that Appellant hit her with a pipe. Because of the way the indictment was framed, it was necessary for the State to prove a pipe was used during the attack in order to secure a conviction. Appellant admitted assaulting Barton but denied using the metal pipe. Therefore, the only issue for the jury was whether Appellant hit Barton with a metal pipe.

Appellant insists that the evidence is insufficient to support the conviction, because the testimony under oath of both the assailant and the victim shows that no metal pipe was used in the attack. In Appellant's view, Barton's testimony deprived her out of court statements of probative value sufficient to support the verdict.

Barton's testimony did not disavow or repudiate her out of court statements made immediately after the assault. Her failure to remember making them was not a true recantation, but her testimony presented a conflict in the evidence which was the jury's province to resolve.

On the day of the assault, Barton told law enforcement officers, medical personnel, and a relative that Appellant hit her with a metal pipe. Barton told the paramedic and nurses that Appellant "hit [her] with a piece of metal in the back of her head." Her statement to the paramedic is especially credible because it was made for the purpose of obtaining medical treatment. Barton told her great-aunt that Appellant "picked an iron, some kind of a tire iron, that was in the back of the car" and hit her with it. When interviewed by law enforcement officers, Barton said that Appellant hit her in the head with a metal pole and "the pole should still be in the car." The police found a pneumatic lift gate support rod lying in the shattered glass from Barton's SUV.

Barton's statements were consistent, made close to the time of the attack, made before Appellant's efforts to induce her to testify falsely, and confirmed by an eyewitness. After hearing evidence that Appellant convinced Barton to swear to a false affidavit of non-prosecution naming an imaginary friend as her attacker, the jury had ample cause to find her testimony at trial incredible. Her testimony did nothing to diminish the probative value of her extra-judicial statements. Given the record and the jury's role as judge of the weight and credibility of the evidence, the jury could reasonably find that Appellant hit Barton with a pipe. *See Wilson*, 7 S.W.3d at 141; *see also Saldana*, 287 S.W.3d at 60.

Viewing the evidence in the light most favorable to the State, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant intentionally, knowingly, and recklessly caused bodily injury to Barton by striking her with a metal pipe and

4

used or exhibited a deadly weapon during commission of the assault.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2); *see also **Jackson***, 443 U.S. at 318-19, 99 S. Ct. at 2788-89. Because the evidence is sufficient to support Appellant's conviction, we overrule his sole issue.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-18-00228-CR**

**STEPHONE LAMAR WIGFALL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0291-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*