# NO. 12-23-00104-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMY JASMIE SIBRIAN,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Amy Jasmie Sibrian, appeals her conviction for burglary of a habitation. In one issue, she challenges the legal sufficiency of the evidence. We affirm.

### BACKGROUND

On April 15, 2022, Jose Sibrian and his wife Doris returned to their home in Smith County, Texas, after a trip to Houston. They found Appellant, who is their daughter, present in the house, though she did not have permission to be there. The Sibrians previously filed a civil eviction against Appellant because of past intrafamily conflicts, including conflict related to Appellant's drug addiction. Moreover, three days prior to April 15, Appellant was removed from her parents' property and arrested for criminal trespass. Therefore, Jose called law enforcement and reported Appellant's illegal presence in the house. Smith County Deputies Thomas Yarberry and Brian Hutchins responded and arrested Appellant. During the arrest, Appellant asked that the deputies retrieve her backpack. When they located and searched the backpack, they found a container of Chinese take-out food inside. Yarberry asked Jose whether he gave Appellant the food, and he said he did not; when asked the same question, Doris similarly responded that Appellant did not have permission to take the food.

Appellant was subsequently charged by indictment with burglary of a habitation. Appellant pleaded "not guilty," and this matter proceeded to a jury trial.[1]

At trial, defense counsel expressed a concern that Jose may need an interpreter. The trial court responded that an interpreter was available, and stated, "If I see that he's having trouble testifying, I'll stop and we'll get the interpreter over," but ultimately did not call upon the interpreter during Jose's testimony. Jose testified that he had not given Appellant permission to enter the home on the day of the offense, and that he believed she entered through an unlocked bedroom window. He stated that while he did tell the deputies that Appellant did not have permission to take the Chinese food, he said so only because he was unaware then that Doris had given the food to Appellant. Jose further testified that English was his second language, and that it was "typical" for him to sometimes have problems understanding questions.

Doris similarly testified that Appellant did not have permission to be in the house, but that she gave Appellant the Chinese food because she believed Appellant was hungry and had no money to purchase food. She did not mention this to the deputies on April 15 because she felt that they were addressing Jose, not her, and she did not want to contradict her husband in front of them. Doris further testified that English was her second language, and that while she understood questions asked of her "most of the time," she did not always understand.

Deputy Yarberry testified that when he arrived at the Sibrians' property, he confirmed with both Jose and Doris that Appellant was not supposed to be there, and then arrested Appellant. He retrieved Appellant's backpack upon her request and opened it to search for weapons, controlled substances, or any other threats to safety, at which point he found the container of food. Because the Smith County jail would not allow arrestees to bring in perishable food, Yarberry brought the container back to the house. He testified that Jose appeared surprised to see the container, stated that the food had been in the house and belonged to himself and his wife, and denied having given Appellant permission to take the food. When Yarberry questioned Doris about the food, she also denied giving Appellant permission either to enter the residence or to take the food. Yarberry stated that he had no concerns that either of the Sibrians did not understand his questions, based on their responses and the fact that they spoke to each other in English during his presence. He explained that Appellant taking the Chinese food

---

[1] At an unspecified time prior to trial, Jose submitted an affidavit of non-prosecution. The State elected to move forward with prosecution.

would increase the criminal charge from criminal trespass to burglary of a habitation and asked Jose whether he still wanted to press charges. Jose affirmed that he did. Deputy Hutchins testified to substantially the same facts, and affirmed his own belief that both Jose and Doris understood all the questions the deputies asked them, based on their responses to said questions and communication with each other. Defense counsel did not object at any point during Yarberry's or Hutchins's testimony.

After the State rested, Appellant's trial counsel moved for a directed verdict based on lack of proof on the element of theft. The trial court denied the motion because of "the fact that there's two different stories before the jury[.]"

Thereafter, Appellant elected to testify on her own behalf. She stated that she called her parents on April 15 and received permission to enter the property to retrieve her clothing and take a shower. Appellant was still there when her parents returned to the house, and Doris gave her the Chinese food. Her parents requested that she stay and eat at the table, but Appellant decided to save the food for later and leave, because she felt as though "a cop was coming." However, when she attempted to leave the property, she encountered two dogs that she believed belonged to the neighbors and they began following her. When Appellant walked back towards the house, the dogs did not follow, which she took as "God telling [her]" to return to the house. She left her backpack toward the rear of the property, returned to the house, and spoke to her parents again. Appellant testified that she also retrieved a fork so that she could eat the food and was leaving the property when the deputies arrived. The prosecution questioned her about prior criminal convictions, including a misdemeanor assault committed against her sister in 2016, two instances of unauthorized use of a motor vehicle (belonging to her parents) in 2019, and the previous criminal trespass of her parents' home on April 12, 2022. Although she initially stated that she falsely pleaded "guilty" to the charges of unauthorized use, Appellant eventually admitted to all of these occurrences. The defense called no other witnesses.

The jury found Appellant "guilty" of the offense and assessed punishment of twenty years' imprisonment. This appeal followed.

3

In her sole issue, Appellant argues that the evidence was legally insufficient to support a finding that she committed or attempted to commit a theft, as required for the offense of burglary of a habitation.

**Standard of Review and Applicable Law**

When reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Brooks v. State*, 323 S.W.3d 893, 898-99 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). When the record supports conflicting inferences, a reviewing court must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id.* The jury is the sole judge of the credibility of the witnesses, and can believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances; the duty of a reviewing court is to ensure that the evidence presented supports a conclusion that the defendant committed the crime charged. *See Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.); *see also Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense(s) as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

As is pertinent to the facts of this case, a person commits burglary of a habitation if she enters a habitation without the effective consent of the owner and commits or attempts to commit a theft. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2023).

4

**Analysis**

Appellant argues that no rational trier of fact could find beyond a reasonable doubt that she attempted to commit or committed a theft in her parents' house. In support of her position, she cites to the testimony of both Jose and Doris that they gave the Chinese food to Appellant, as well as the lack of allegations that she took anything else from the property. Further, she suggests the possibility of a "language issue" which may have caused the Sibrians to initially state that she did not have their permission to take the food. The State responds that it proved the element of theft "through Deputy Yarberry's hearsay testimony about what Doris and Jose Sibrian told them [sic] when he responded to the scene."

The Texas Rules of Evidence provide that "[i]nadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay." TEX. R. EVID. 802. Instead, the jury is free to consider the unobjected-to hearsay as probative evidence, weighed along with, and equal to, the other evidence admitted at trial. *Gorman v. State*, No. 03-02-00175-CR, 2003 WL 124169, at *4 (Tex. App.—Austin Jan. 16, 2003, no pet.) (mem. op., not designated for publication); *Peters v. State*, 997 S.W.2d 377, 382–383 (Tex. App.—Beaumont 1999, no pet.) (citing *Fernandez v. State*, 805 S.W.2d 451, 455 n. 3 (Tex. Crim. App. 1991)); *see also Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (criminal conviction may rest on victim's hearsay statements to responding law enforcement officer, even if victim later recants statements). Yarberry's and Hutchins's respective testimony regarding the statements by Jose and Doris was admitted without objection (or request for a limiting instruction) from Appellant's trial counsel. Absent an objection from defense counsel, the jury was permitted to consider the deputies' testimony as substantive evidence alongside the other witnesses' testimony, judge the credibility of the witnesses, and choose whether to believe all, some, or none of each individual's testimony. *See Peters*, 997 S.W.2d at 383; *Chambers*, 805 S.W.2d at 461.

At trial, the jury observed each witness's demeanor and heard the inconsistent statements at issue. And it was within the province of the jury to determine which of the conflicting testimony in this case to credit and which to reject; this included reconciling any conflicts and even disbelieving the Sibrians' recantation about the theft. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Peters*, 997 S.W.2d at 383. A reasonable jury could have found Appellant's testimony, as well as the testimony of Jose and Doris, not credible on the element of

5

whether Appellant had permission to remove the food from the house (and therefore whether she attempted or committed theft), and instead credited the testimony of Deputies Yarberry and Hutchins.[2] Accordingly, viewed in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Appellant attempted to commit or committed a theft while in her parents' house. We conclude that the evidence is legally sufficient to support the finding of burglary of a habitation and overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] This Court may not assume the duties of the trier of fact by reweighing the probative value of unobjected-to hearsay against the declarants' in-court testimony. ***Forrest v. State***, 805 S.W.2d 462, 463 (Tex. Crim. App. 1991). When the jury convicted Appellant, it in effect stated its view that the hearsay evidence about the Sibrians' statements to the deputies was probative, and we may not now reevaluate that finding. *See* ***Rodriguez v. State***, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 8, 2023**

**NO. 12-23-00104-CR**

**AMY JASMIE SIBRIAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0220-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*